No. 19,107.

OSCAR W. BROWN, *Appellant*, V. WALTER NICHOLS
et al., as the Board of Commissioners of the City of
Abilene, *Appellees*.

SYLLABUS BY THE COURT.

1. INJUNCTION — *City Ordinance — Prohibiting Use of Streets
for Certain Business Purposes Invalid.* A city ordinance
which, in effect, prohibits one who owns and operates a ma-
chine shop from using the streets in bringing and taking
traction engines and heavy vehicles to and from his shop,
and thereby arbitrarily deprives him of an opportunity to
carry on his business, is unreasonable and void.

2. SAME—*Enjoining Prosecution of Criminal Proceedings.* Ordi-
narily a court will not enjoin the prosecution of a criminal
proceeding, but the remedy of injunction may be employed
to protect personal and property rights, although it may op-
erate incidentally to restrain a prosecution under an invalid
ordinance.

Appeal from Dickinson district court; ROSWELL L.
KING, judge. Opinion filed January 9, 1915. Re-
versed.

*David Ritchie*, and *G. A. Spencer*, both of Salina,
for the appellant.

*C. S. Crawford*, of Abilene, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an injunction proceeding Oscar
W. Brown attacked the validity of an ordinance of the
city of Abilene which purports to prohibit the driving
of "any engine or heavy machinery upon the paved
streets of the city of Abilene," and prescribes a fine
not exceeding $50 for its violation. He also asked a
recovery of damages for the loss sustained by reason
of being deprived of the use of the streets. In his
petition he alleged that he was conducting a machine
shop in the city, which was so situated that he is
unable to reach the railway station with engines or

47—93 KAN.

heavy machinery except by passing over paved streets, and that unless patrons are permitted to use these streets in order to bring in and take from the shop traction engines and other heavy machinery he will be unable to carry on his business; that his machine shop will be a total loss for the purposes for which it was acquired, and that it has already resulted in damage to him to the extent of $1000. There was an allegation that since the passage of the ordinance in June, 1913, the officers of the city had forcibly prevented him from taking machinery from the shop across Third street, and that it is impossible for him to reach the depots of the railways in carrying on his business without crossing that street. A demurrer to his petition was sustained by the trial court, and the main question presented on his appeal is whether the ordinance is so unreasonable as to be invalid.

Power is not expressly conferred on cities of the second class to prohibit the use of the streets for any particular kinds of travel and transportation, but under the general welfare clause it is doubtless within the power of the city to make reasonable regulations as to the use of streets and thus provide for the safety and convenience of travel and against unnecessary injury to the streets used. It is competent for the city to regulate the weight of loads that shall pass over the paved streets and to prescribe the width of tires of vehicles carrying heavy loads. It has been determined that municipalities may confine the passage of heavily loaded traffic to certain streets and exclude it from others, but the regulation must not be such as will deprive a citizen of access to his home or business house nor from all use of the streets for any of the recognized means of travel. (Notes, 31 L. R. A., n. s., 682; 45 L. R. A., n. s., 1152; 51 L. R. A., n. s., 1203.) In *Bogue v. Bennett*, 156 Ind. 478, 60 N. E. 143, 83 Am. St. Rep. 212, it was held that a city ordinance prohibiting the running of traction engines or other vehicles not propelled by animal power over the streets

Brown v. City of Abilene.

and alleys of a city was unreasonable and therefore
void. In *State v. Boardman*, 93 Maine, 73, 44 Atl. 118,
46 L. R. A. 750, the validity of an ordinance which
provided that teams with loaded wagons should be
confined to a certain part of a street was challenged.
The court held that a traveler is not entitled to the
whole width of a street for his accommodation but "is
entitled to a reasonably safe, convenient and prac-
ticable opportunity for travel and passage." (p. 78.)
It was there decided that a regulation restricting the
travel of heavily loaded vehicles to a part of the street
would, in many cases, be both reasonable and salutary,
but that if the part of the street open to travel for
such vehicles was out of repair or in such a condition
as to be impassable for loaded vehicles it would op-
erate to deprive those who had occasion to use the
street of their right to use it for the purpose of travel.
It was said that:

"For such a by-law then to be reasonable and valid,
with reference to such a way and in such a locality as
in this case, that portion of the street which may be
used by heavily loaded vehicles must be reasonably
suitable for the purpose; and the by-law will be valid
or invalid depending upon whether that portion of the
way, to which such vehicles are restricted, is or is not
reasonably suitable for the purpose." (p. 79.)

The streets are provided for the public in general
for purposes of travel and transportation, and the ap-
pellant, who is engaged in a legitimate business, is en-
titled to a reasonable use of the streets in taking trac-
tion engines and heavy machinery to and from his
shop. Traction and other motor wagons are not illegal
vehicles, and an ordinance which deprives him of the
use of the streets for such vehicles in order that he
and his patrons may reach his shop is not reasonable.
Undoubtedly a regulating ordinance may be framed
under which appellant may use some of the streets or
parts of them for the necessary traffic to and from his
shop and under such restrictions as will protect the

streets and prevent interference with the rights of others traveling over them. Under the allegations of the petition the ordinance operates, not as a regulation, but as an absolute prohibition of a recognized use of the public streets. A class of traffic which is legal and which ordinarily passes over highways is prohibited so far as appellant's business is concerned, and he is not only deprived of the use of the streets of the city in conducting a legitimate business, but the result is the destruction of the value of his property for the purposes for which it was acquired. The ordinance is therefore unreasonable and must be held to be void.

It is next contended that the equitable remedy sought by appellant is not available to him as the invalidity of the ordinance in question could be presented as a defense in a criminal prosecution for the violation of the ordinance. Ordinarily injunction will not lie to prevent the prosecution of criminal actions, but this proceeding is not brought for that purpose and in his prayer the appellant does not ask for such relief. He asks for damages resulting to him and his business from the deprivation of the use of the streets, and also asks that the city and its officers be enjoined from interfering with the traffic to and from his business. The proceeding does challenge the validity of the ordinance because the officers who are preventing him from using the streets leading to his machine shop justify their action under the ordinance, but it does not appear that any prosecutions have been begun, and the appellant does not ask that prosecutions be enjoined. An exception is made to the rule invoked by appellee where the restraint of the criminal prosecution is only incidental to the protection of personal and property rights. (*Davis & Farnum Mfg. Co. v. Los Angeles*, 189 U. S. 207, 23 Sup. Ct. Rep. 498, 47 L. Ed. 778; *Dobbins v. Los Angeles*, 195 U. S. 223, 25 Sup. Ct. Rep. 18, 49 L. Ed. 169; *Railway Co. v. Conley and Avis*, 67 W. Va. 129, 67 S. E. 613; *Improvement Co. v. City of*

Brown v. City of Abilene.

*Bluefield,* 69 W. Va. 1, 70 S. E. 772; *The City of Atlanta et al. v. The Gate City Gas Light Co.,* 71 Ga. 106; *Town of Cuba v. Mississippi Cotton Oil Company, Eagle Cotton Oil Company, Meridian Fertilizer Factory,* 150 Ala. 259, 43 South. 706; *City of Austin v. Cemetery Association,* 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Note, 25 L. R. A., n. s., 193.)

In this action the appellant is seeking to protect his personal and property rights and to prevent the destruction of his business.  The deprivation of which he complains shuts him out from carrying on his business, and he is not required to wait for a prosecution to be commenced nor to provoke an arrest in order to obtain relief from the interference with and destruction of his business.  Indeed, the defenses that he might make in possible prosecutions following an unsuccessful attempt to conduct his business would not have been an adequate remedy.  However, as we have seen, the principal purpose of the action is not the injunction of criminal proceedings.

The decision of the district court sustaining the demurrer to appellant's petition will be reversed, and the cause remanded for further proceedings.