(No. 12323.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, vs. THE ROSE HILL
CEMETERY COMPANY, Appellant.

*Opinion filed December 18, 1918.*

SPECIAL ASSESSMENTS—*when benefits must be restricted to particular use.* A system of sewers which will drain land purchased for a cemetery addition is of benefit to such land, but where the use of the land is restricted by law to cemetery purposes the amount of the assessment for the sewer cannot exceed the benefits to the land for its restricted use, notwithstanding the cemetery company has not yet been required to use the land for burial purposes but has temporarily rented parts of it for small farming.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

WILLIAM T. HAPEMAN, (ASHCRAFT & ASHCRAFT, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (A. L. GREEN, GEORGE P. FOSTER, and OTTO W. ULRICH, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming an assessment of $2637.87 against lands of appellant as benefits to it by reason of the construction of a system of sewers by the appellee city in streets abutting and near to appellant's property. The proceedings for spreading and levying the assessment were had under the Local Improvement act of 1897 and amendments thereto. (Hurd's Stat. 1917, p. 486.) The amount of the assessment against appellant's land as shown by the assessment roll was $3014.70, which was reduced by the court to $2637.87 and judgment entered against appellant's property for said last amount, from which judgment this appeal is prosecuted.

The objections urged are (1) that the assessment against appellant's property exceeds the benefits, if any, which will accrue to such property; (2) that the assessment as made and returned is not a just and equitable distribution of the cost of the improvement among the parcels of property assessed.

Appellant, the Rose Hill Cemetery Company, was created by an act of the General Assembly of this State in 1859 and was given authority to obtain real estate by purchase, exchange or otherwise, for cemetery purposes, in Lake View township, Cook county, Illinois, not to exceed 500 acres. In 1902 appellant purchased a tract of 20 acres in the city of Chicago, bounded on the north by Granville avenue, on the south by Peterson avenue and on the west by Oakley avenue. No street is open to the east of said 20-acre tract. South of Peterson avenue appellant owns 302 acres. The 20 acres assessed for this improvement have been surveyed and platted for cemetery purposes. The plat has not yet been recorded nor has any use been made of the tract as a burying ground. Since its purchase in 1902 it has only been used for securing sod and part of it has been let out and used for small farming. There is a low place or slough about the center of the 20 acres, referred to as a lake, which contains about 102,000 square feet. The act creating the appellant restricted the use of land purchased by it to cemetery purposes and this tract was purchased for such purpose. It was not needed for immediate use when purchased, in 1902, but its location immediately north of the 302 acres comprising the then Rose Hill cemetery, together with the future needs of appellant for more land, prompted its purchase at that time. The property was purchased by the appellant but it had the title conveyed to others, in whom it remained for some years until it was finally conveyed to appellant. Appellant exercised control and dominion over the land from the time of its purchase.

It can hardly be disputed that drains of the kind here contemplated, to take care of surface water, are of benefit to land used or to be used for cemetery purposes. The question here, however, is whether the proper basis was adopted in making the assessment. The use of the land by appellant is restricted by law to cemetery purposes, and the assessment should have been made according to bene- fits that would result from the improvement to the prop- erty in its restricted use. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11; *City of Highwood* v. *Chi- cago and Northwestern Railway Co.* 276 id. 98; *City of Chicago* v. *Chicago and Northwestern Railway Co.* 278 id. 86.) Most of appellant's witnesses testified the property would not be benefited in its use as a cemetery. One wit- ness testified for appellant it would not be benefited to ex- ceed $500. Witnesses on behalf of appellee testified that in their judgment the property would be benefited $200 an acre. They testified the property was adaptable to subdi- vision for residential purposes, which is one of the best uses to which the property could be devoted. These witnesses based their opinion of benefits the property would receive from the improvement upon any use to which the property could be put, and they considered its subdivision the high- est and best use. This was an incorrect basis for estimat- ing benefits, as the property was not acquired and held by appellant for any other than cemetery purposes and the law prohibited the use of it by appellant for any other purpose. There is nothing in the facts appearing in this record which takes the property out of the rule that where lands are re- stricted to a particular use by the owner the benefits of a public improvement should not exceed the benefits to the land for the particular use to which it is restricted.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.              *Reversed and remanded.*