(No. 23769.—

THE ROSEHILL CEMETERY COMPANY, Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed April 16, 1937—Rehearing denied June 2, 1937.*

BARNET HODES, Corporation Counsel, and TARNOPOL, FLAMM & SIDEMAN, (CARL HJALMAR LUNDQUIST, and IRVING H. FLAMM, of counsel,) for appellants.

ASHCRAFT & ASHCRAFT, (CARROLL J. LORD, and RUFUS D. BEACH, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, the Rosehill Cemetery Company, on January 20, 1932, filed a bill in the superior court of Cook county to enjoin appellants, the city of Chicago and its officers, agents and attorneys, from enforcing four certain ordinances enacted by the city of Chicago on October 21, 1931, the first being section 2197, referred to herein as the burial

ordinance, and three other ordinances for the opening of Leavitt street, Irving avenue and Glenlake avenue, respectively, referred to herein as the street ordinances, through a 25-acre tract owned by appellee. The city filed an answer and also a cross-bill to restrain the violation of the burial ordinance. The North Town Improvement Association, a community civic organization, and several individuals, by leave of court, intervened as parties defendant and joined in the city's answer. Following the hearing the chancellor entered a decree dismissing the cross-bill and the intervening petition, and granted appellee's prayer for a permanent injunction restraining the city from enforcing the burial ordinance and the three street ordinances, and other relief. This appeal is from that decree and comes direct to this court on certificate of the chancellor that the validity of municipal ordinances is involved, and in his opinion the public interest requires that the appeal be taken direct to this court.

This litigation arises out of a controversy between the city of Chicago, joined by certain persons owning property in the vicinity of the land in question, and appellee cemetery company, over its right to use a 25-acre tract of land lying along the north side of Peterson avenue and immediately north of appellee's cemetery. Much litigation has, in the past, been indulged between these parties. On April 24, 1931, the cemetery company filed a bill to enjoin the city of Chicago, its officers, agents and attorneys, from interfering with complainant and its employees and agents, in improving and using this tract of land for cemetery purposes. In that case the North Town Improvement Association and certain individuals, by leave of court, intervened, and, after a hearing on the bill and answer, the chancellor, on December 31, 1931, entered a decree dismissing the intervening petition for want of equity and granting the prayer of the bill enjoining the city of Chicago from interfering with the cemetery company's improvement of the

tract for cemetery purposes. About ten or twelve days prior to the decree in the former suit, the city sought leave to amend its pleadings and to introduce in evidence the ordinances involved in the instant case. That leave was denied. On direct appeal to this court the decree of the chancellor of December 31, 1931, was affirmed. *Rosehill Cemetery Co.* v. *City of Chicago,* 352 Ill. 11.

As many of the facts in that case are the same as in the case before us, it is unnecessary to repeat them here, but reference to the former opinion of this court will disclose such facts. The judgment of this court affirming the decree of the chancellor in that case, determined, as between the parties thereto, that appellee, under its charter, had authority to use the tract in question for burials; that such use did not constitute the tract a new and distinct cemetery, but an addition to the old cemetery south of Peterson avenue, within the meaning of the terms of appellee's charter; that the act of March 29, 1869, entitled: "An act to amend the charter of the town of Lake View in Cook county," was unconstitutional and void and did not have the effect of preventing appellee's use of the tract as a cemetery; that the ordinance of the board of trustees of the town of Lake View was not of any force and effect to prevent such use by appellee; that, under the evidence, there was no basis for the contention that interference of the officers of the city of Chicago with the use of said tract by appellee as a burial place, was justified under the general police power of the city to prevent and abate nuisances; that the evidence did not establish that such use of the tract would create either a public or private nuisance, and that appellee was not guilty of any bad faith or inequitable conduct toward the intervening petitioners, and did not inform them, or encourage them in the belief, that said 25-acre tract would never be used as a part and parcel of its cemetery for cemetery purposes. It is sought to re-litigate certain of those questions here.

The bill now before us sets out appellee's charter, the history of the acquisition of this tract, and certain litigation through which appellee compelled the approval of its plats and the recording of same, the removal of the city's claims as clouds on the title, and litigation resulting in a decree enjoining the city from laying or placing sewers or streets on said tract. The ordinance here attacked seeks to prohibit enlarging or establishing cemeteries within the city, or to make burials in any place not so used when the ordinance was passed, or in any place not already within the enclosure of a cemetery and, by paragraph (d), prohibits burials "in any portion of the tract described as the northwest quarter of section 6, township 40 north, range 14, east of the third principal meridian." This quarter-section of land embraces the 25-acre tract involved here. Paragraph (d) is the portion of the ordinance particularly complained of. The bill here alleges that this burial ordinance was enacted long after appellee accepted its charter from the legislature and acquired and developed lands for cemetery purposes, and long after it had sold and conveyed divers burial lots and made interments therein; that the ordinance is a cloud upon appellee's title in violation of its charter rights and the contract created thereby between the State and appellee and its stockholders, and constitutes the taking of property without due process of law, in violation of the State and Federal constitutions. The bill also alleges a final adjudication of its right to use this tract for burials in the case of *City of Chicago* v. *Rose Hill Cemetery Co.* 285 Ill. 567. It also alleges certain attempted prosecutions against appellee's employees and makes other charges, but sufficient is above set forth to present the questions here. The bill prays that the burial ordinance, in so far as it attempts to restrict appellee, be held unconstitutional and void; that the court restrain the prosecution or arrest of appellee's employees and interference with the erection of buildings by appellee on the property, restrain the enforcement of

the three street ordinances, restrain trespassing upon the premises and permit the connection of appellee's water plant with the city water mains.

Appellants' contentions are: (1) That the burial ordinance of October 21, 1931, section 2197, is a proper exercise of the city's police power, and as applied to this tract, it is not discriminatory; (2) that the special statute creating appellee does not confer upon it an exemption from the operation of such a police ordinance; (3) the former proceedings are not *res judicata* and do not estop the city with respect to the issues here presented, and (4) appellee does not come into court with clean hands. Appellee contends the ordinance, other than as hereinbefore stated, has no application to it.

This court, when this dispute was last before it, settled certain of the issues hereinabove enumerated. There remains for consideration, however, the question of the validity of the ordinance and particularly of that part of paragraph (*d*) which makes it unlawful to make interments in any portion of the 40 acres described in the ordinance, in which the 25 acres in question are located.

Appellee does not dispute appellants' contention that the power to regulate or prohibit burials within cities is inherent in the State under its police power, but argues that an entirely different proposition is here presented; that is, whether the General Assembly, or a municipality, has inherent power to prohibit burials in previously established cemeteries which are located in cities. The power to prohibit or regulate cemeteries, delegated to cities by the General Assembly can, of course, be no greater than the power which the legislature itself has. The power of the legislature, in the exercise of the police power, to prohibit interment in certain localities was determined in *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191. The General Assembly created appellee a corporation by the act of February 11, 1859, and granted to it power to acquire and hold

and use lands not exceeding 500 acres, in the town of Lake View, (now a part of the city of Chicago,) for cemetery purposes. By an act approved March 29, 1869, (Private Laws of Illinois, vol. 4, p. 311,) the legislature sought to limit appellee in the exercise of its charter by prohibiting the enlargement of any existing cemetery in the town of Lake View beyond the limits then actually enclosed, or fixed by ordinance then in force, except that the enlargement should only be made after a majority of the people had voted in favor thereof after petition signed by a certain number of legal voters had been presented to the trustees. In 1867 the corporate authorities of the town of Lake View passed an ordinance fixing the boundaries of appellee cemetery. A bill by the town of Lake View against appellee to restrict the use of certain land for burial purposes, in violation of the act of March 29, 1869, raised the single question whether the restriction imposed upon appellee by the act of 1869, as to the use of its lands as authorized by its charter, was a proper exercise of the police power of the State. The act was held to be an unconstitutional exercise of power. This court there said: "If the General Assembly can rightfully prohibit the company from using its lands previously purchased, which lie outside of the present inclosure, for cemetery purposes, as authorized by its charter, upon the same principle it could prohibit the use of the now unoccupied portion of the inclosure, and as the property is valueless to it for any other purpose, and as the company could not lawfully use it, in any event, for other than burial purposes, it would amount to a deprivation of its use, and almost a total destruction of its value. The franchises conferred by the act of incorporation would be rendered valueless, unless they could be employed in the use of the lands previously purchased, and the capital invested in them would be imperiled, if not wholly lost." It seems obvious if the State may not, in the exercise of the

police power, restrict the charter rights of appellee, a municipality may not do so.

Appellants, however, insist that the city of Chicago's authority to control burials within its limits rests upon two express and four general delegations of power from the State. Of the alleged expressly delegated powers counsel for appellants cite a special act of 1867, supplementary to "an act to reduce the charter of the city of Chicago and the several acts amendatory thereto into one act and to revise the same, approved February 13, 1863, and to the several amendments thereof." Approved March 9, 1867. This special act provides: "The common council of Chicago shall have power, by ordinance: First, to prevent the interment of the dead within the present or future limits of the city; Second, to provide for the vacation of the several cemeteries in said city by the purchase and extinguishment of the titles of lot owners and otherwise." (Private Laws of 1867, vol. 1, p. 771.) The other powers claimed to be specially delegated are to establish and regulate cemeteries, within or without the corporation, and acquire lands therefor by purchase or otherwise, to cause cemeteries to be removed, and to prohibit their establishment within one mile of the corporation. (State Bar Stat. 1935, chap. 24, par. 65, sub-par. 79, p. 348.) Appellants also insist that adequate power has been delegated by implication under sub-paragraphs 66, 75, 78 and 83 of said paragraph 65. Sub-paragraph 66 empowers a city to pass and enforce all necessary police ordinances; sub-paragraph 75, to declare what shall be a nuisance and to abate the same; sub-paragraph 78, to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease, and sub-paragraph 83, to prohibit any offensive or unwholesome business or establishment within the corporation or within one mile of the limits of the corporation.

214

Appellee insists that the legislature lacks the power to prohibit burials in part of an established cemetery within the boundaries of a municipal corporation and that such power has been unequivocally denied in *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191. In that case this court held the act of 1869 to be an unconstitutional exercise of power and that it could not be invoked to limit the boundaries of appellee cemetery and the use of its land previously owned, not exceeding 500 acres, for the purposes named in its charter.

The special act of 1867, above referred to, empowers the city of Chicago to prevent the interment of dead within the present or future limits of the city and to provide for the vacation of the several cemeteries in said city by purchase and extinguishment of title of lot owners. This act, if applicable to appellee's property, affords no justification or authority for this ordinance. Here, no attempt is made to vacate the cemetery by purchase of the titles of the various lot owners therein. That this 25-acre tract is an established addition to appellee existing cemetery, is determined in the previous cases wherein these facts have been before us. The question of the validity of the ordinance here considered raises the same question raised and decided in *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191,— *i. e.,* whether the restriction imposed by the ordinance upon appellee as to the use of its lands, as authorized by its charter, is a proper exercise of the police power. In that case an act of the legislature was attacked, while here the same attack is made on a city ordinance.

The right of a legislative body, either State or local, to regulate and prohibit the interments in cemeteries, is settled in this State and is placed on the ground of protection to life and health. Such prohibitions will not, however, be upheld on the ground that cemeteries are not pleasant to the eye or that they are not agreeable subjects of contemplation, or that they are a source of annoyance to ner-

vous or superstitious persons, or that they make the vicinity less attractive as a dwelling place or for business, and thereby lessen the value of the adjoining lands. *Rosehill Cemetery Co. v. City of Chicago, supra; Village of Villa Park v. Wanderer's Rest Cemetery Co.* 316 Ill. 226; *Sutton v. Findlay Cemetery Ass'n,* 270 id. 11; *A. L. & I. Co. v. County of San Mateo,* 167 Cal. 434.

Paragraph (*d*) of the ordinance before us singles out the quarter-section of land in which the 25-acre tract of appellee is located, as a particular tract within the city in which dead may not be buried. Its effect is to prohibit appellee's use of its 25-acre tract declared by this court to be an established addition to Rosehill Cemetery prior to the enactment of the ordinance under consideration. The act of the legislature, in granting appellee its charter, was a legislative determination that a cemetery is not necessarily a nuisance if its grounds are well selected and interments made with proper care. That appellee cemetery, including its use of this tract, complies with those conditions, was determined in *Rosehill Cemetery Co. v. City of Chicago, supra,* and *Town of Lake View v. Rose Hill Cemetery Co. supra.* The ordinance does not purport to declare the 25-acre tract, or the burials therein, a nuisance, nor is there any evidence in the record that it is. The establishment of the 25 acres as a part of the cemetery, and the fact of interment therein prior to the enactment of the ordinance in question, are admitted. Under previous holdings of this court, hereinbefore referred to, this ordinance and the street ordinances are invalid in so far as they attempted to prevent the use of this tract by appellee. It necessarily follows that the decree perpetually enjoining the appellant city, and its agents, from interfering with the development and use of said tract, was right.

The contention that appellee does not have clean hands was raised and decided adversely to appellants' contention in *Rosehill Cemetery Co. v. City of Chicago, supra.* Appel-

lants' contention that it was error to enjoin the prosecution of the appellee's workmen for violation of the city ordinance as to buildings and governing the operation of motor trucks over public sidewalks, cannot be sustained. Appellee made every effort to comply with the ordinances requiring permits and the same were denied, not on the ground that the permits did not comply with the ordinances, but on the ground that appellee had no right to use said 25-acre tract for cemetery purposes and in so doing was violating the ordinance of the city. These questions were also raised and decided adversely to appellants' contention in *Rosehill Cemetery Co.* v. *City of Chicago, supra,* under an almost identical state of facts. Therefore it is not necessary that we repeat what we there said on the question.

The decree of the superior court is right and is affirmed.

*Decree affirmed.*