TOWN OF DARIEN *v.* TOWN OF STAMFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 1—decided July 21, 1948

*Charles N. Wexler,* for the appellant (defendant city of Stamford).

*George Wise,* for the appellant (named defendant).

*Edward R. McPherson, Jr.,* with whom, on the brief, was *Robert C. Bell, Jr.,* for the appellee (plaintiff).

MALTBIE, C. J.   Darien, the plaintiff town, sought a judgment declaring invalid certain regulations of the town and the city of Stamford, the defendants, which restricted motor vehicles commonly known as through trucks in the use of highways within their limits, and an injunction against the enforcement of the regulations.   The issue concerns the validity of the regulations and the right of Darien to attack them.   From a judgment declaring them invalid and granting a permanent injunction against their enforcement, the defendants have appealed.

The finding states:   The town of Stamford enacted a traffic regulation which provides that no motor vehicles "such as are commonly designated as 'through trucks' " shall use certain streets and that any person who violates the regulation shall be fined.   In August, 1939, the common council of the city of Stamford passed an ordinance which imposes a penalty upon the operator or owner of any "through truck" which deviates from the "through route" designated by the traffic authority of the city and defines a through truck as one which passes through, and whose destination is beyond, Stamford in either direction; the traffic authority of the city designated no "through routes" other than U. S. route 1 and an alternative route 1 and excluded and proposes to continue to exclude through trucks from other streets and highways in the city.   The initial question is as to the right of the town and the city of Stamford to enact and enforce these regulations.

In *Adley Express Co.* v. *Darien,* 125 Conn. 501, 7 A. 2d 446, decided in 1939, we had before us the question whether Darien had the right to adopt an ordinance which prohibited through trucks from using any town road which the police commission after due investigation forbade them to use in order to protect public safety. The police commission was authorized by a special act of the General Assembly (19 Spec. Laws 645) to make rules for the regulation of traffic not inconsistent with chapters 334 and 400 of the Public Acts of 1921, as amended, or with any by-law or ordinance of the town. We reviewed the applicable statutes and concluded that while the state had delegated to municipalities the power to make traffic rules applying to all vehicles it had reserved to itself the special power to regulate motor vehicles except in certain instances specified in General Statutes, § 1635, then in effect; and we held the action of the town to be invalid. That decision controls the present case unless, since it was made, there has been some change in the General Statutes which is effective to alter the rule laid down, or unless there is some ground to distinguish the situation now before us from that we then considered.

In the *Adley Express Co.* case we found the controlling statutes to be General Statutes, §§ 390 and 1635. Since that decision, § 390 has not been amended in any respect material to the issues before us; and, while § 1635 has been re-enacted with certain changes, these do not alter its effect as regards the powers of a municipality to make traffic regulations such as those before us. Cum. Sup. 1939, § 543e. The city of Stamford calls attention to a provision in chapter 25 of the General Statutes, dealing with "Uniform Traffic Control," as amended in 1937. Section 109d of the 1937 Supplement gave the state traffic commission power

to designate any trunk-line or state-aid highway or any part thereof as a "through way," and to the traffic authority of any town, city or borough the power to make a like designation of any highway thereof under its control. We considered the provisions of this chapter in reaching our decision in the *Adley Express Co.* case (p. 506); but because the city stresses § 109d in the present case, we add this: Section 396 of the General Statutes constituted a part of chapter 25, then as now entitled "Uniform Traffic Control." It authorized traffic authorities to designate "through streets," but its provisions make it clear that this was for the purpose of the erection of "stop signs" at intersections with them, with a requirement that a person operating a motor vehicle stop before entering a through street. The provisions of the section were amplified by an amendment in 1935; Cum. Sup. 1935, § 76c; and subsection (a) of that section contained only a provision giving the state traffic commission authority to designate trunk-line highways and bridges as "through ways" and to the traffic authority of any city, town or borough power to make a similar designation of highways under the control of a municipality. Section 109d merely amended subsection (a) of the 1935 act to give the state traffic commission authority to erect stop signs on state-aid as well as trunk-line highways. Cum. Sup. 1939, § 123e. There can be no question that the amendments to § 396 were not designed in any way to change the purpose to be served by that section and § 109d was not intended to give to municipalities authority to establish through routes as regards the passage of motor vehicles. There is nothing in the provisions of the General Statutes as they now exist which makes inapplicable to the situation before us our decision in the *Adley Express Co.* case.

The only specific authority to make traffic regula-

tions which has been granted to the town of Stamford is found in a special law which provides, "The selectmen of the town of Stamford are authorized to make and change and enforce traffic regulations in the town of Stamford outside the city limits," with an added requirement that, before the adoption of any such regulations, a hearing should be held after public notice to the residents of the town. 22 Spec. Laws 148. When the law was enacted, § 390 of the General Statutes, in specifying various powers granted towns, contained a general provision that they could "make rules relating to the regulation of traffic." The special law in question was clearly not designed to define the scope of the regulations which the selectmen might adopt, and it meant no more than that they, instead of the town, might make such traffic regulations as a municipality was by statute authorized to put into effect. The city of Stamford claims that the regulation it adopted was authorized by a provision in its charter which gives the chief of police "control and jurisdiction over traffic and traffic regulations." 21 Spec. Laws 1205. In passing, we note that the city itself apparently did not regard this provision as authorizing the chief of police to make traffic regulations, because the council of the city assumed to pass an ordinance which left to the "traffic authority" only the function of designating the through ways. In any event, the charter provision quoted clearly was not intended to give the chief of police authority to adopt traffic regulations but to make it his function to see that such regulations as were properly adopted should be enforced.

If there was any doubt that the provisions of the special laws in question were not intended to authorize either of the defendants to designate through routes for trucks, a comparison of the facts presented in the

*Adley Express Co.* case and in this case serves to dissipate it. The action of the town of Darien which in the former case we held invalid would have had the effect of closing Noroton Avenue in that town to through trucks. In the present case, the situation as stated in the finding of the trial court, in which we can make no substantial change, is this: In the center of Darien, the Boston Post Road (U. S. 1) passes under a railroad and there is a clearance of only 11 feet 11 inches. Large through trucks are not able to use the underpass. Before the adoption of the regulations now in question, such trucks going westerly normally turned off the Boston Post Road just before reaching the underpass and followed a street known as West Avenue to the Stamford boundary, whence, over one or more of the streets closed to them by the regulations, they returned to the Post Road; and trucks proceeding easterly took a reverse route. West Avenue is a highway of a type and character suitable for such a use. As a result of closing the Stamford roads to them, the trucks were diverted to other streets in Darien, and particularly to Noroton Avenue, which, west of the underpass, connects West Avenue with the Post Road. To illustrate the effect which authority in municipalities to establish through ways might have, we add a fact fairly apparent from the evidence brought before us to support certain changes in the finding requested by the defendants: There is no reasonably available route by which through trucks which are proceeding westerly and which leave the Boston Post Road because they are not able to use the underpass can return to that road other than by the use of Noroton Avenue or some of the streets closed to them by the regulations of the town or the city of Stamford. In the absence of a clear expression to the contrary, we would hesitate to attribute to the General

Assembly an intent to authorize municipalities to establish through ways for motor trucks which might well interfere so seriously with the normal flow of traffic of that kind. The trial court correctly held that neither the town nor the city of Stamford had authority to adopt the regulations in question and they are invalid.

That brings us to the question whether Darien, the plaintiff town, is in a position to raise the question of the validity of the regulations. The facts found by the trial court relevant to this issue, briefly summarized, are: Among the streets in Darien which, as a result of the regulations in question, through trucks use is Noroton Avenue. This street is maintained wholly by Darien. By reason of the heavy truck traffic over it, the pavement has been damaged; Darien has incurred and will incur greater than normal expense for its maintenance and for snow removal and the correction of slippery conditions on it; and the town has suffered and will continue to suffer substantial financial loss and damage. While the defendants attack many of the findings which we have briefly summarized in this statement and seek additional findings, no corrections can be made which materially affect the situation as we have outlined it.

The city of Stamford contends that the ordinance its council adopted is penal in its nature and that no one not subjected to punishment under it is entitled to question its validity. We have said that ordinarily equity will not enjoin the enforcement of a prosecution under a criminal statute or ordinance, but that there is a well-recognized exception to the rule where enforcement of the law will invade property rights or cause irreparable injury; *Scudder* v. *Greenwich,* 127 Conn. 71, 74, 14 A. 2d 728; and we know of no principle which would restrict equity in affording relief

under such circumstances to one who would be subject to prosecution under the law or ordinance. See *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 482, 196 A. 344; *Brown* v. *Abilene,* 93 Kan. 737, 740, 145 P. 561; *Rosehill Cemetery Co.* v. *Chicago,* 366 Ill. 207, 216, 8 N. E. 2d 664; *Moneyweight Scale Co.* v. *McBride,* 199 Mass. 503, 505, 85 N. E. 870. Darien, in this action, is not seeking to protect the private rights of its inhabitants. See *Watertown* v. *Waterbury,* 132 Conn. 441, 450, 45 A. 2d 162. Under the trial court's finding, it has suffered and will suffer a special injury through enforcement of the regulations. It has an interest in the controversy as to the validity of the regulations sufficient to sustain its action for a declaratory judgment. Practice Book § 250 (a). The defendants do not claim that, if they are wrong in the contentions we have discussed, the trial court could not properly grant relief to the plaintiff by way of an injunction.

There is no error.

In this opinion the other judges concurred.