### TERRY M. BAILEY v. TOWN OF CROMWELL

SUPERIOR COURT    MIDDLESEX COUNTY    FILE No. 10157

Memorandum filed March 21, 1949

*Aaron J. Palmer,* of Middletown, for the Plaintiff.

*Thomas W. Flood,* of Middletown, for the Defendant.

INGLIS, J.  In the complaint in this action the plaintiff alleges in substance in the first count that he intends to use certain property of his in Cromwell for business purposes, that

the zoning regulations place his property in a residential zone, but that the zoning regulations are a nullity because adopted by a purported zoning commission which was not properly appointed. In the second count he alleges that the zoning regulations, if valid, do not apply to him because he had commenced the erection of a building designed for business purposes before the zoning regulations went into effect.

His prayers for relief are three in number. They are, first for a declaratory judgment that the zoning regulations are void, second, for a declaratory judgment finding that the plaintiff commenced his construction prior to the effective date of the zoning regulations and declaring that, therefore, said construction is not subject to the provisions of the regulations; and, third, an injunction restraining the defendant from enforcing the zoning regulations or "if said zoning regulations are not void an injunction restraining the defendant . . . from preventing the plaintiff from continuing said construction and completing the same."

To these prayers for relief the defendant has demurred on the sole ground that it appears from the facts stated that the plaintiff has an adequate remedy at law. The contention is that the plaintiff is privileged to appear before the proper zoning authorities, obtain from them a determination of the questions raised by his complaint and if necessary appeal to the Court of Common Pleas. That, it is said, is an adequate remedy at law.

So far as the first two prayers for relief are concerned, i. e., the prayers for a declaratory judgment, it is well established that actions for declaratory judgments are not actions in equity and that, therefore, the rule that equity will not act where there is an adequate remedy at law has no application to such actions. *Connecticut Savings Bank* v. *First National Bank,* 133 Conn. 403, 409. Specifically, the Supreme Court of Errors in this state has directed a declaratory judgment where the question was as to the validity of zoning regulations, which is the question raised by the first prayer for relief here. *National Transportation Co.* v. *Toquet,* 123 Conn. 468. Likewise, it has directed a declaratory judgment in a case which turned upon the interpretation of zoning regulations and the finding of facts, which is the exact sort of question determination of which is sought by the second prayer for relief in this case. *Kimberly* v. *Madison,* 127 Conn. 409. Clearly, therefore, it is not essential to the granting of either of the first two prayers for relief that it appear that the plaintiff has no adequate remedy at law.

The third prayer for relief is for the equitable remedy of injunction and therefore it is essential to the granting of it that the plaintiff have no adequate remedy at law. This prayer has a double aspect. In the first place it prays for an injunction restraining the enforcement of an ordinance claimed to be void. As to this aspect the law is well settled that a person has no adequate remedy at law for the enforcement against him of a void ordinance which invades his property rights or would cause him irreparable injury, and equity will therefore enjoin such enforcement. *Scudder* v. *Greenwich,* 127 Conn. 71, 74; *Eastern Oil Refining Co., Inc.* v. *Court of Burgesses,* 130 Conn. 606; *Darien* v. *Stamford,* 135 Conn. 71.

The second aspect of the third prayer for relief is that it prays an injunction against the enforcement of a zoning regulation, not on the ground that it is void, but rather on the ground that, if properly construed, it would not apply to the plaintiff's situation. Here the question is somewhat more close. If the plaintiff were claiming simply that under a proper construction of the ordinance he is entitled to receive from the proper zoning authority permission to build and use his property for business purposes, then he would have an adequate remedy at law in that he could seek such a permit and would not be entitled to an injunction. That apparently, however, is not his exact claim. What he claims is that the zoning regulations offer him no opportunity to get a ruling from the zoning authorities on the question whether the regulations prohibit the completion and use of a nonconforming building the erection of which was commenced before the effective date of the regulations. If that latter is his claim and it can be established, clearly he has no adequate remedy at law. It therefore cannot be said that an injunction is an improper remedy simply because there is a remedy at law.

Moreover, the defendant has not directed its demurrer against a specific prayer for relief. It is directed against all of the prayers generally. For that reason, even though it might be good as against one prayer or a portion of one prayer, if it is not good as against any of the prayers it must be overruled. *German* v. *German,* 122 Conn. 155, 165.

For the foregoing reasons the demurrer is overruled.