THE MICHAEL HOFFMAN FUEL COMPANY v.
STANLEY KALINSKI ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 80843

Memorandum filed May 18, 1950.

Coles & O'Connell, of Bridgeport, for the Plaintiff.

Samuel Shapiro, of New Haven, and Theodore I. Koskoff, of Stratford, for the Defendants.

KING, J. Basically this is an action for the specific perform-ance of a contract in which the defendant Kalinski, hereinafter referred to as the defendant, agreed to sell the plaintiff real estate. Damages are claimed as incidental relief.

The defendant Stabile, upon motion, on February 3, 1950, was granted permission to join as a party defendant. He there-upon filed an answer and counterclaim in which he alleged, in substance, that on May 5, 1948, prior to the execution of the contract sued upon, exhibit A, he entered into a lease with the defendant covering the real estate in question which contained a provision that in the event the lessor (defendant) desired to offer the premises for sale the lessee (Stabile) should have "the

prior right to purchase the premises over any and all potential buyers, and the . . . [defendant] shall give . . . [Stabile] . . . 30 days notice of his intention so to sell"; that the defendant accepted a deposit from Stabile and agreed to sell to him; that the contract between the plaintiff and defendant contained a clause that "said premises are subject to a lease between . . . [the defendant] and . . . Stabile dated May 5, 1948"; and that the plaintiff had full knowledge of the lease and the option agreement therein. The counterclaim sought a declaratory judgment as to the respective rights of the three parties inter se and in the property.

The plaintiff, as a first special defense to the counterclaim seeking a declaratory judgment, alleged, in effect, that the agreement between Stabile and the defendant contained no valid or enforceable option, and, as a second more specific special defense, that Stabile failed to comply with the provisions of the option if it was otherwise valid or enforceable.

To these two special defenses the present demurrer is addressed by Stabile on the basic ground, stated in various ways, that the option was personal between the defendant and Stabile, and that the plaintiff has no privity or legal standing to complain if the defendant carries out the option, even though, because of defective draftsmanship or Stabile's failure to comply with its provisions, the defendant is under no enforceable legal duty to Stabile so to carry it out.

Both paragraph one of Stabile's counterclaim and paragraph one of the plaintiff's first special defense thereto refer to the lease between Stabile and the defendant as exhibit 1. Neither any exhibit 1 nor the lease itself is in the file. This defect properly precludes a decision on the demurrer to this defense, since a demurrer admits the allegations of the pleading demurred to, which here purports to incorporate by reference the non-existent exhibit 1.

With considerable hesitation the court has decided to decide the demurrer in the informal way presented by the parties, under the theory adopted by them, which was that the terms of exhibit 1, except as alleged in the pleadings, were immaterial in deciding this demurrer. *Anselmo* v. *Cox,* 135 Conn. 78, 79.

The difficulty with Stabile's position is that it overlooks the fact that the lease and option were, because of exhibit A, inextricably connected with real property. *McWilliams* v. *Morton,* 97 Conn. 514, 517. Thus his citations of 12 Am. Jur. 818,

§ 273, and *Williams* v. *Eggleston*, 170 U. S. 304; 42 L. Ed. 1047, are not in point. Exhibit A called for a warranty deed to be given by the defendant to the plaintiff except for the rights outstanding under the lease (exhibit 1). This in effect also incorporated exhibit 1 by reference into exhibit A, particularly in view of the plaintiff's knowledge of the terms of exhibit 1 prior to the execution of exhibit A. In other words, the defend-ant contracted to sell his entire interest in the land in question except as he lacked that power by virtue of the outstanding ex-hibit 1. *Thompson* v. *Coe*, 96 Conn. 644, 650; 55 Am. Jur. 505, 1048 and 1050, § 658. By his voluntary act in so doing he put it out of his power to waive, as against the plaintiff, such de-fenses as he had under exhibit 1. Any other construction would give the defendant power to utilize exhibit 1, even though wholly unenforceable (whether because of defective draftsman-ship or Stabile's failure to conform to its terms), to defeat the contract (exhibit A) he had made with the plaintiff.

If either of these defenses is established, then there would be no occasion for a declaratory judgment as requested by Stabile, since Stabile would have no rights at all in the premises, and consequently no sufficient interest to sustain his counterclaim for a declaratory judgment. *Darien* v. *Stamford*, 135 Conn. 71, 77.

It would very likely be preferable for all parties to proceed along the lines of a declaratory judgment which would involve a decision of the very matters forming the subject matter of the special defenses to the counterclaim demurred to. However, it cannot be said (especially in the absence of exhibit 1) that either of the special defenses demurred to is wholly inefficacious. Con-sequently, neither should be stricken on demurrer. *Cashman* v. *Meriden Hospital*, 117 Conn. 585, 586.

The demurrer is overruled.