ERVIN, Judge.
Kuster Enterprises is a manufacturer of prefabricated swimming pools and contends DOT has abridged its right to equal protection by denying its petition for proposed rule-making allowing the transport of .its 14-feet wide prefabricated swimming pools. We earlier remanded for the finding of additional facts, Kuster Enterprises, Inc. v. State of Florida, Department of Transportation, 347 So.2d 1092 (Fla. 1st DCA 1977), and the parties have now entered into a stipulation of facts.
DOT has permitted the transportation of 14-feet wide boats since 1967. Mobile homes of the same width have been permitted by DOT since December, 1976, on a trial basis to determine if this movement can be conducted safely in Florida. The parties have agreed there are no significant distinctions as regards safety in the transportation over state roads of 14-feet wide boats and 14-feet wide prefabricated pools. A large majority of states allow for the transportation of both structures. There have been relatively few studies on the effects of 14-feet wide% vehicles on highway safety and traffic patterns and these have generally been inconclusive. The only comprehensive Florida study, made in 1972, recommended against the use of oversize modules on Florida highways.
DOT, in its final order denying the rule-making request, pointed to Section 316.009 (now Section 316.550, Florida Statutes (1977)) as granting discretion to issue spe *795 cial permits for oversized vehicles on Florida roads. Kuster was found not to have shown its proposed rule is in the best interest of the public at large, since the safety of 14-feet wide vehicles has not yet been established.
In treating prefabricated pools differently from boats or mobile homes of the same width, the Department must show its classification is “based upon some difference in the classes having a substantial relation to the purpose for which the legislation was designed.” Hunter v. Flowers, 43 So.3d 435, 437 (Fla.1949); State v. Frick, 150 Fla. 148, 7 So.2d 152 (1942). But here the Department, by its own stipulation, has found no distinction based on highway safety and preservation. From this record we fail to see how it can be rationally argued there is no impediment to the public interest in permitting the transportation of over sized boats but it is not in the public interest to permit the conveyance of extra wide prefabricated pools.
Unknown safety risks cannot be relied upon by the Department since boats have been carried on Florida roads for the last 10 years. Should the safety study currently performed on extra wide mobile homes mandate discontinued permitting for all structures within the class, then a valid basis would exist for the Department’s denial.
The petition for review is GRANTED, the final agency order is QUASHED, and this proceeding REMANDED for further action not inconsistent herewith. Section 120.68(12)(c).
IT IS SO ORDERED.
MILLS, Acting C. J., and BOOTH, J., concur.