DREW (Ret.), Associate Judge.
The only serious question here is the sufficiency of the notice of hearing before the appeals referee. On February 21, 1977, copies of such notice were mailed to the claimant, Ossie Mae Scott, at the address given by her in her original claim for benefits, advising of a hearing before the referee on March 1, 1977 at 10:30 A.M. Claimant failed to appear, but was represented at the hearing by her counsel.
In the application for review before the Industrial Relations Commission, filed following an adverse ruling, it is alleged that claimant was not aware of said hearing; that her counsel was unable to locate her due to a change of address and that, for said reason, a continuance was requested but denied without affording counsel for claimant the opportunity to cross-examine the employer and its witnesses. Instead, the claimant alleges “the referee advised counsel and employer’s witnesses to leave and return at a later time”.
It is important to note that the application for review did not allege any deficiency in the notice of hearing, nor did the Industrial Relations Commission, in its order affirming [now under review here], pass upon such a question.
The decision of the Commission is found to be without error and is affirmed. The voluntary appearance of claimant’s counsel at the hearing of March 1, 1977, without objection to the length of the time given to appear, was a waiver of any defect in the notice. Moreover, as counsel here urges, while the provision in Rule 8B-5.-ll(5)(a), U. C. Appeals Referee Rules of Procedure, providing for 7 days’ notice, may be invalid because in conflict with section 120.57(l)(b) 2, Florida Statutes, which provides for “reasonable notice of not less than 14 days”, that question was not presented to nor decided by the referee or the Commission and is improperly raised here for the first time.
Certiorari denied.