357 So.2d 731 (1978)
The CITIZENS OF the State of FLORIDA, Petitioners,
v.
William T. MAYO, Chairman, William H. Bevis, Commissioner, and Paula F. Hawkins, Commissioner, As and Constituting the Florida Public Service Commission, Respondents.
No. 50446.
Supreme Court of Florida.
April 6, 1978.
*732 Larry Levy, Public Counsel and C. Earl Henderson and Peter Andrew Knocke, Associate Public Counsel, Tallahassee, for petitioners.
William L. Weeks, Gen. Counsel, and Barrett G. Johnson, Tallahassee, for Florida Public Service Com'n, respondents.
D. Fred McMullen, Lee L. Willis and James D. Beasley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Tampa Elec. Co., intervenor-respondent.
R.Y. Patterson, Jr., and Daniel O. White, Winter Park, for Fla. Gas Co., intervenor-respondent.
Walter H. Alford, Miami, for Southern Bell Tel. and Tel. Co., intervenor-respondent.
Dan R. Schwartz, in pro. per.
ADKINS, Justice.
We have for review by writ of certiorari an order of the Public Service Commission denying a petition of public counsel wherein he sought to have the Commission institute rule making proceedings pursuant to the provisions of Section 120.54, Florida Statutes (1975) for the purpose of adopting an amendment to the Commission's rule regarding agenda conferences (25-1.40, Florida Administrative Code) in the form proposed by public counsel.
An agenda conference is a medium for decision making. A particular matter does not come up before the Commissioners at an agenda conference until after all steps involved in the development of the record in such matters have been concluded. An agenda conference is analogous to jury deliberations in a court trial, or a conference among a panel of judges following oral argument on an appeal. The Commission holds its conferences with its advisory staff in public on a regularly scheduled basis, as provided in Rule 25-1.40. These conferences, called agenda conferences, deal with whatever matters are ready for decision at the time they are held, and typically cover many cases. In accordance with the Administrative Procedure Act, an agenda is prepared and distributed to the public in advance listing those cases scheduled for decision at a given conference. In addition, all summaries by advisory staff are public documents.
This proceeding was prompted by petitioner's stated desire to actively participate in Commission agenda conferences. The existing Commission rule governing agenda conferences reads:
"25-1.40 Agenda Conferences. Decisions by the Commission are made and votes thereon are taken at agenda conferences, which are normally held in the Commission's offices in Tallahassee on the first, third and fifth Mondays of each month; agenda conferences are also held at other times and places as necessary. Single copies of the agenda for each conference may be obtained without charge on request to the Commission Clerk. Notices announcing the specific time, date and place of each agenda conference are published in the Florida Administrative Weekly approximately ten (10) days in advance. Summaries and responses to Commissioners' inquiries, if any, are made only by the Commission staff. Participation in Commission proceedings by the parties and the public generally is provided for under the provisions of *733 Chapter 25-2, Florida Administrative Code.
Specific Authority 350.12(1)(m), 364.20, 364.42, 366.05(1), 367.121[1](f), 120.53, F.S. Law Implemented 350.121[350.12](1)(m), 364.20, 364.42, 366.05(1), 367.121(1)(f), 120.53, F.S. History  New 10-20-75."
Petitioner here faults the Commission for denying his petition to amend the foregoing rule to read as follows:
"25-1.40 Agenda Conferences. Decisions by the Commission are made and votes thereon are taken at agenda conferences, which are normally held in the Commission's offices in Tallahassee on the first, third and fifth Mondays of each month; agenda conferences are also held at other times and places as necessary. Single copies of the agenda for each conference may be obtained without charge on request to the Commission Clerk. Notices announcing the specific time, date and place of each agenda conference are published in the Florida Administrative Weekly approximately ten (10) days in advance. Summaries and responses to Commissioners' inquiries, if any, are made only by the Commission staff and the Office of the Public Counsel. Participation in Commission proceedings by the parties and the public generally is provided for under the provisions of Chapter 25-2, Florida Administrative Code.
Specific Authority 350.0611, 350.12(1)(m), 364.20, 364.42, 366.05(1), 367.121(1)(f), 120.53, F.S. Law Implemented 350.0611, 350.12(1)(m), 364.20, 364.42, 366.05(1), 367.121(1)(f), 120.53, F.S. History  New 10-20-75."
Petitioner does not allege that the Commission departed from appropriate rule making procedures in disposing of his petition for an amendment to the rule, nor does he seek a determination by this Court that the existing Commission rule governing agenda conferences is invalid. The order under review does not purport to pass directly upon the validity of the existing rule.
Petitioner does not challenge the order as constituting a refusal by the Commission to exercise its discretion to adopt rules of practice or procedure as required in Section 120.53, Florida Statutes (1975).
Petitioner says that Section 350.0611, Florida Statutes (1975) mandates the adoption of his proposed rule amendment verbatim. He relies upon the following portion of the statute:
"It shall be the duty of the public counsel to provide legal representation for the people of the state in proceedings before the commission. The public counsel shall have such powers as are necessary to carry out the duties of his office, including, but not limited to, the following specific powers:
(1) To recommend to the commission, by petition, the commencement of any proceeding or action or to appear, in the name of the state or its citizens, in any proceeding or action before the commission and urge therein any position which he deems to be in the public interest, ..." (Emphasis added.)
His argument would have to rest upon this principle for this Court cannot require the adoption of a specific rule by the Public Service Commission. See State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21 (1936); State ex rel. Corbett v. Churchwell, 215 So.2d 302 (Fla. 1968).
The agency rule making function involves the exercise of agency discretion and this Court will not substitute its judgment for that of the agency on an issue of discretion. State v. A.C.L.R.R. Co., 56 Fla. 617, 47 So. 969 (1908); Section 120.68(12), Florida Statutes (1975).
In Gulf Power Company v. Bevis, 296 So.2d 482 (Fla. 1974), we reviewed and approved a rule of the Commission which had been adopted for the purpose of implementing a constitutional provision imposing a corporate income tax on utilities. We approved the rule with an "admonition" and "caveats" but recognized the discretion of the Commission in the rule making process.
The only question before us is whether Section 350.0611, Florida Statutes, supra, mandates the adoption of the rule. *734 It does not and we agree with the statement of the Commission as follows:
"The specific question before us is whether to convene a rulemaking proceeding to adopt a rule in the form proposed by petitioner. In pertinent part, the rule would read:
... Summaries and responses to Commissioners' inquiries, if any, are made only by the Commission staff. (sic) and the Office of the Public Counsel. (Underscoring indicates additions to the rule; strikeovers indicate deletions)
This language on its face appears violative of due process since it would permit one party to advise and discuss the merits of a case with the judges while excluding other parties. In petitioner's oral presentation, he recognized this problem, even to the extent that it might be unconstitutional, but stated that he was not amending his petition to cure the defect. As a matter of law, the Commission cannot do what petitioner seeks; it has no power to do the unconstitutional. At oral argument, petitioner did attempt to clarify his position on this point through an interpretation that his proposed rule means that whenever he chooses to intervene and participate at an agenda conference, then in those cases other parties of record could do likewise. This merely begs the issue and does not cure the defect, because the rule must stand as submitted absence [sic] a formal amendment. Even if amended a constitutional issue remains when one considers that such right of participation would be restricted to only those cases that public counsel, at his discretion, elect [sic] to intervene in as a party."
We approve and adopt this reasoning.
Petitioner also contends that the Commission is required to adopt rules to comply with Section 120.53, Florida Statutes (1975) and that these rules must be in substantial compliance with the model rules. He specifically says that model rule 28-1.33 (Florida Administrative Code) is applicable to the Commission and requires that any restriction of public access to agency proceedings be supported by statutory authority. The Commission, in its order, disposed of this contention in the following language:
"The petition does not appear to take into account the effect of all of Section 120.54(10), which in pertinent part provides:
... the appropriate model rules shall be the rules of procedure for each agency subject to this act to the extent that each agency does not adopt a specific rule of procedure covering the subject matter ...
This Commission's procedural rules are a comprehensive body covering their subject matter; hence, the model rules are simply inapplicable to the Commission. Even if model rule 28-1.33 were applicable to the Commission, as petitioner contends, it could hardly have the effect he advances. Petitioner has the same rights as any other party once he intervenes in any proceeding. Since he has the same full access as any other party, he is not restricted within the meaning of model rule 28-1.33. Thus, there is no reasons [sic] to cite statutory authority for any restriction, since there is none."
We approve and adopt this reasoning of the Commission.
For the foregoing reasons, the writ of certiorari is discharged.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.