373 So.2d 72 (1979)
Joseph W. SPIEGEL, Appellant,
v.
LAVIS PLUMBING SERVICES et al., Appellees.
No. 78-2309.
District Court of Appeal of Florida, Third District.
July 17, 1979.
Nachwalter, Christie & Falk and Jay M. Levy, Miami, for appellant.
James R. Parks and Harden King, Jr., Tallahassee, for appellees.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, claimant below, brings this appeal from an order of the Unemployment Appeals Commission affirming the Appeals Referee's decision affirming the Claims Examiner's determination disqualifying appellant from receiving unemployment compensation benefits because of misconduct connected with his employment leading to his dismissal. We reverse.
The point urged by appellant on appeal which requires reversal is shown by the record made before the Appeals Referee. At the beginning of his hearing, appellant expressed his desire to the Appeals Referee to have certain witnesses subpoenaed to *73 appear on his behalf. The Appeals Referee replied, in pertinent part, as follows:
"If you feel, by the time the  I am to close the hearing that you still want witnesses, and if you shall show cause  good cause to me for your request for witnesses, then I will take it under consideration, and if you find that you have good cause, I will then postpone the hearing and issue subpoenas for those witnesses to appear."
It is so elementary that it requires neither citation nor elaboration that appellant, at his hearing before the Appeals Referee, as one of his minimal due process rights, had the right to subpoena witnesses to testify on his behalf. The Appeals Referee could not properly condition appellant's exercise of this right by requiring him to show "good cause" for the issuance of any requested subpoenas. Accordingly, the order appealed is reversed and the cause is remanded for the purpose of allowing appellant to subpoena any witnesses he desires and for the purpose of allowing him to present the testimony of such witnesses before the Appeals Referee for his consideration in regard to appellant's appeal of his denial of unemployment compensation benefits. Naturally, this right is subject to the appropriate rules of procedure in regard to subpoenas, witnesses, etc.
We have carefully reviewed the other points raised on appeal and find them to be without merit.
Reversed and remanded.