388 So.2d 1099 (1980)
Ivone S. O'BLENIS, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Division of Employment Security, Division of Employment Security, and Audio Intelligence Devices, Appellees.
No. 78-2632.
District Court of Appeal of Florida, Fourth District.
October 15, 1980.
Suanne Pierce and Jacquelyn E. Steinberg, and Howard I. Alabaster, Certified Legal Intern, Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
James R. Parks, Gen. Counsel, and John D. Maher, Tallahassee, for appellees.
BERANEK, Judge.
This is an appeal in an unemployment compensation matter. The Board of Review of the State Department of Commerce affirmed the Appeals Referee's finding that an employee was not entitled to unemployment compensation. The Appeals Referee found that the employee had been discharged from her employment for misconduct connected with her work. The employee appeals and we reverse.
Appellant raises numerous points, but we find it necessary to consider only one which requires reversal. It is our conclusion that the Referee denied the employee her basic right to compulsory attendance of witnesses by denying her request to issue subpoenas for persons she wished to call at the hearing to testify in her behalf. See Spiegel v. Lavis Plumbing Services, 373 So.2d 72 (Fla.3d DCA 1979), and Williams v. Florida Department of Commerce, 374 So.2d 1158 (Fla.3d DCA 1979).
The employee was dismissed from her job as a cafeteria attendant. The claims examiner found her eligible for unemployment compensation and concluded she had not been dismissed for misconduct connected with her work. The Appeals Referee, after a contested hearing, found her ineligible and concluded dismissal was due to misconduct. The Board of Review of the Department of Commerce affirmed the order of the Appeals Referee.
At the hearing before the Appeals Referee, the employer was represented by counsel *1100 and the employee was unrepresented. The employer called two witnesses who testified to the misconduct of the employee. The employee was told to wait until after all of the employer's evidence had been introduced before beginning cross-examination of any of the witnesses. After the employer had concluded with its presentation of evidence, the Referee heard closing argument from employer's counsel. After this argument was concluded, the Referee advised the employee that "You have the right to cross-examine either of these witnesses or, if you don't prefer to cross-examine, because cross-examination is a very difficult thing to handle if you are not experienced in it, you're privileged to do it. If you want to, go ahead. But, if you don't want to, you still have the right to reply... ."
Instead of cross-examining the witnesses, the employee proceeded to make various statements, many of which were actually irrelevant to the issues. During her statement, she asked the Referee on several occasions to issue subpoenas to several witnesses whom she wished to have testify in her behalf. The Referee declined to do so finding that the testimony of these individuals would probably not be of assistance. In so doing, the Referee denied the employee the basic due process right of compulsory process. The employee explained that the witnesses she wanted to call would not come voluntarily because they were afraid of being fired from their jobs with the employer.
In Spiegel v. Lavis Plumbing Services, supra, the Third District correctly held that minimal due process requires the right to subpoena witnesses to testify on one's behalf. The Court there held that the Appeals Referee could not properly condition an employee's exercise of this right by requiring him to show "good cause" for the issuance of requested subpoenas. Here, the procedure at the hearing and before[1] was tantamount to a requirement of good cause before issuance of subpoenas. We conclude that the Referee's refusal to issue subpoenas constituted error requiring that the order in question be vacated and the matter remanded for further proceedings.
REVERSED AND REMANDED.
MOORE and HURLEY, JJ., concur.
NOTES
[1] The official Notice of Hearing Before the Appeals Referee issued by the Department of Commerce Unemployment Compensation Appeal Tribunal contained the following advice as to how proceedings would be conducted:

If you have witnesses whom you wish to have testify at the hearing, you must notify them and arrange for them to be present... . If a witness refuses to appear, notify the Referee either before or at the time of the hearing and if he deems the testimony of the witness essential, he will issue a subpoena to compel his attendance.
This Notice improperly requires that a party must make a prima facie showing of good cause before a subpoena will be issued to compel attendance of a witness.