**Paul D. ANDERSON, Relator,**

v.

**MOBERG RODLUND SHEET METAL COMPANY, Respondent,**

**Commissioner of Economic Security, Respondent.**

**No. 81–170.**

Supreme Court of Minnesota.

Feb. 26, 1982.

Paul D. Anderson, Robbinsdale, for relator.

Peter C. Andrews, Asst. Atty. Gen., St. Paul, for Dept. of Economic Security.

WAHL, Justice.

The employee-relator, Paul D. Anderson, obtained a writ of certiorari to review a decision of the representative of the commissioner, Department of Economic Security, filed on January 15, 1981, the effect of which was to deny him unemployment compensation benefits upon the basis that he voluntarily terminated his employment without good cause attributable to the employer. We reverse and remand for further hearing.

Anderson, a sheet metal worker with 14 years' experience, was employed in that capacity by Moberg Rodlund Sheet Metal Company (Moberg) for the period from October 10, 1979, until February 20, 1980, at a rate of compensation of $12.69 per hour. On February 20, 1980, Anderson informed Moberg that he would no longer tolerate the working conditions of the job and that he would terminate on that date. His contention is that dissatisfaction with the working conditions, abusive conduct by co-employees and the failure of the employer to take remedial steps all led to his termination decision.

Anderson filed a valid claim petition on February 24, 1980, which resulted in a determination by the claims deputy on March 18, 1980, that the claimant had voluntarily terminated his employment without good cause attributable to his employer. Anderson then sought review of the appeal tribunal, contending in his notice of appeal that he quit with "good cause." Moberg did not appear at the hearings before the appeal tribunal and provided no testimony. On the basis of Anderson's testimony, the tribunal concluded, in a decision on May 8, 1980, that the claimant was doing his best work but was being hampered by the confusion in his workplace, by conflicting orders and by co-workers. The tribunal noted that complaints to the company president by Anderson were to no avail. It concluded that Anderson voluntarily discontinued his employment with good cause attributable to the employer and was not disqualified from receiving unemployment compensation benefits.

Moberg then took an appeal to the commissioner. The appeal was presented in the form of a three-page letter dated May 15, 1980, which contained the employer's version of the events leading to the termination. This letter was not furnished to Anderson but nevertheless served as the basis of the commissioner's decision to remand the matter to the appeal tribunal to hear and receive competent and material evidence by both parties.

On remand, Anderson, having no notice of the basis for appeal alleged by Moberg in the letter, presented no evidence to refute the facts stated in the letter and rested on the testimony he had presented to the first appeal tribunal. Relying primarily on the facts alleged by Moberg in the letter, now Exhibit D–7, which Anderson claims he never saw or read, the tribunal reversed the original decision and reinstated the determination of the claims deputy to the effect that the employee had voluntarily terminated his employment without good cause attributable to the employer. The tribunal noted in its decision that "the conditions complained of are fairly typical of conditions found in sheet metal shops."

Anderson appealed this decision to the commissioner, accompanying the appeal with a letter by the business manager for the Sheet Metal Workers International Association, Local Union # 32 of Duluth. This letter, inadmissible on appeal to the commissioner's representative, challenged the tribunal's finding that the conditions complained of by the employee were typical of sheet metal shops. The representative of the commissioner, relying again on the Moberg letter, affirmed the decision of the appeal tribunal. Anderson, *pro se*, never received a copy of this letter when it served as Moberg's notice of appeal and first received a copy of it when he appeared before the commissioner's representative.

Knowledge of the basis of the appeal, both factual and legal, is critical to the nonappealing party. "The basic principle that a party is entitled to such notice as will provide reasonable opportunity to prepare is * * * clear * * *." 3 K. Davis, Adminis-

trative Law Treatise, § 14.11 at 50 (2d ed. 1980).

A trial-type hearing conducted in an adjudicative affair need not always have the panoply of a formal courtroom proceeding, but "it is * * * fundamental that notice be given and that it be timely and clearly inform the individual of the proposed action and the grounds for it. Otherwise, the individual likely would be unable to marshall evidence and prepare his case so as to benefit from any hearing that was provided."

*Zotos International, Inc. v. Kennedy*, 460 F.Supp. 268, 274 (D.D.C.1978), quoting from Friendly, *Some Kind of Hearing*, 123 U.Pa. L.Rev. 1267, 1280–81 (1975). "It goes without saying that the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them." *Federal Trade Commission v. National Lead Co.*, 352 U.S. 419, 427, 77 S.Ct. 502, 508, 1 L.Ed.2d 438 (1957) (citations omitted).

In particular instances the rules of an agency may prescribe the proper form which notice should take. "Where a statute or rule provides the manner, form, and time of notice, the notice must conform with the prescribed provisions * * *." 2 Am.Jur.2d *Administrative Law* § 360 (1962). This court has recognized that hearings must be "conducted in accordance with the provisions of the employment security laws and regulations." *Olson v. Starkey*, 259 Minn. 364, 374, 107 N.W.2d 386, 392 (1961).

The rules of the Department of Economic Security (formerly called the Department of Employment Security) state the proper procedures to be followed in taking appeals from claims deputies to the appeal tribunal and from the appeal tribunal to the commissioner. Rule ES 23(c)(1) of the Department states the procedure for taking an appeal from a claims deputy to the appeal tribunal:

The party appealing shall * * * file with the Department of Employment Security * * * a notice of appeal, in writing * * *. Said appeal shall set forth:

*   *   *   *   *   *

(cc) The fact that an appeal from such determination [of a claims deputy] is being made;

(dd) *The grounds upon which such an appeal is based.*

The notice of appeal shall be signed by the party appealing. In addition, one copy of such notice of appeal shall be submitted to the Department of Employment Security for each opposing party to the appeal. Copies of said notice shall at once be mailed by the Department to all interested parties in the matter.

Minn.Reg. ES 23 (emphasis added). Rule ES 23(d)(2) states the procedure for taking an appeal from the appeal tribunal to the commissioner:

The party appealing shall file at the employment office where the claim was filed * * * a notice of appeal in writing * * * setting forth:

\* \* \* \* \* \*

(cc) The fact that an appeal from such decision [of the appeal tribunal] is being made; and

(dd) *The grounds upon which such appeal is based.*

Such notice of appeal shall be signed by the party appealing. In addition, one copy of such notice of appeal shall be submitted to the Department of Employment Security for each party to the matter on appeal other than appellant.

*Id.* (emphasis added).

While the rule regarding appeals to the commissioner does not expressly require the notice to be sent to all interested parties "at once," the required filing of other copies of the notice of appeal impliedly requires that they be sent to all interested parties prior to the hearing to give them adequate notice of the grounds for the appeal.

In this case the commissioner's representative declared the May 15, 1980, letter from Moberg to constitute the employer's "notice of appeal." As such, the commissioner's representative should have sent a copy of that letter to Anderson pursuant to Rule ES 23. The purpose served by such a procedure is to put Anderson on notice of the specific factual basis upon which his former employer is raising an appeal. Without a copy of this letter/notice of appeal, Anderson was not fairly and fully informed of the grounds for the appeal and was severely prejudiced when he entered the second appeal tribunal hearing. With knowledge of the letter, he could have insisted on confrontation with and cross-examination of Donald Rodlund, the writer of the letter. At the very least, he could have presented the letter or the testimony of the Sheet Metal Workers Union official with regard to "typical conditions in sheet metal shops."

We remand the case for a hearing to permit Anderson to present evidence to refute the allegations in the Moberg letter of which he had no knowledge. Fairness requires such a hearing, particularly where the Department will recoup the benefits paid before the appeal tribunal reversed its first decision if Anderson again becomes unemployed.

Reversed and remanded.

KELLEY, J., took no part in the consideration or decision of this case.