PER CURIAM.
This is an appeal from an order of the Florida Unemployment Appeals Commission granting appellee Elizabeth Pena unemployment compensation benefits pursuant to her claim against her employer, Noriega, Chopp and Schatz, P.A., for wrongfully discharging her from her job as receptionist.
*313 Appellant contends that the Unemployment Appeals Commission erroneously denied its request to submit additional evidence after the Commission had entered its order in favor of the appellee, and that the notice of hearing of the Appeals Referee was insufficient in that it provided for less time than required by the Rules of the Department of Labor and Employment Security, Unemployment Appeals Commission.
We hold that there was no abuse of discretion shown in the Commission’s denial of the employer’s motion for rehearing for the purpose of introducing additional evidence. It appears from the record that the employer neither requested nor suggested that a continuance of the hearing be granted for the purpose of presenting additional evidence. The request for a rehearing was made after the Appeals Referee had issued a decision granting benefits to the employee. Accordingly, the Commission did not abuse its discretion in denying the employer’s request to be allowed to introduce additional evidence under the facts and circumstances as appear from the record. See Florida Department of Transportation v. J.W.G. Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981); section 443.151(4)(c), Florida Statutes (1981).
As to the notice of hearing complained of, we hold that no reversible error has been made to appear. Appellant’s failure to raise this issue before either the Appeals Referee or the Commission precludes further review. Scott v. Florida Department of Commerce, Division of Employment Security, 353 So.2d 1192 (Fla. 3d DCA 1977).
Affirmed.