427 So.2d 1098 (1983)
Ramona C. GUERRA and Juan Alfonso, Appellants,
v.
STATE of Florida, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, Unemployment Appeals Commission, and Naranja Lakes Motel, Appellees.
Nos. 81-1493, 81-1734.
District Court of Appeal of Florida, Third District.
March 15, 1983.
*1099 Stephen Maher, Miami, for appellants.
John Maher, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Although these consolidated cases are presented in highly disparate legal postures, they involve the identical issue concerning the nature and content of the notice required for appeals referee hearings in unemployment compensation cases. Since we agree with the two appellants' common contention that the governing rule and practice of the Unemployment Appeals Commission are unauthorizedly in conflict with the statutory requirements on the issue, we order in Case no. 81-1493, that, pursuant to Sec. 120.54(5), Fla. Stat. (1979), the agency adopt a rule which reflects the legislative mandate, and, in Case no. 81-1734, we reverse a referee's denial of benefits, as affirmed by the commission, because it was infected by the deficient notice to the claimant.
The precise question involved in these proceedings is the effect which must be accorded the specific notice provision of the APA, Section 120.57(1)(b) 2, Fla. Stat. (1979), which states that
The notice shall include:
a. A statement of the time, place, and nature of the hearing.
b. A statement of the legal authority and jurisdiction under which the hearing is to be held.
c. A reference to the particular sections of the statutes and rules involved.

*1100 d. A short and plain statement of the matters asserted by the agency and by all parties of record at the time notice is given. If the agency or any party is unable to state the matters in sufficient detail at the time initial notice is given, the notice may be limited to a statement of the issues involved, and thereafter, upon timely written application, a more definite and detailed statement shall be furnished not less than 3 days prior to the date set for the hearing. [emphasis supplied]
The problem before us arises because the Department of Labor and Employment Security rule applicable to unemployment compensation hearings omits the emphasized provision of subsection (b) 2.d. that the notice contain a "statement of the matters asserted by the agency and by all parties of record." In its entirety, the present rule provides that the notice must contain only
(a) A statement of the date, time and place of the hearing;
(b) A statement of the legal authority and jurisdiction under which the hearing is to be held;
(c) A statement of the issues to be decided by the Appeals Referee with reference to the specific statutory or rule provisions involved. In the event that any party has not been provided a copy of the determination on appeal, a copy thereof shall be appended to such party's notice;
(d) A statement that failure to attend may result in a decision in favor of the other side;
(e) A statement of the rules regarding requests for continuances and subpoenas;
(f) The address of the office to which all motions, requests or other correspondence concerning the hearing should be directed.
Florida Administrative Code Rule 38E-5.15(2).
The printed notice form (LES Form UAC 2) which is actually used for each compensation hearing conforms to the rule, but not to the statute. The only indication given the claimant as to the issues, much less the factual contentions, before the referee appears in the form of typed-in numbers which correspond to printed information on the back. Thus, if, as in so many of these cases, specifically including the present appellants', the circumstances of the employee's termination are controlling, the number "6" appears on the face of the form. "6" means, as defined on the reverse:
SEPARATION: Whether the claimant voluntarily left his employment without good cause (good cause shall include such cause as is attributable to the employer or consists of illness or disability of the individual requiring separation); or was discharged for misconduct connected with his work as provided in Section 443.06(1), (9) and (10) Florida Statutes.
This reference, which is identical in every case, plainly gives lay claimants no useful notice of the real "matters"  what they are accused of doing wrong to justify their disqualification  with which their hearings are to be concerned.

Case No. 81-1493
Case no. 81-1493 is an appeal by Juan Alfonso, an unsuccessful compensation claimant who had raised the issue in his own case before the referee and commission,[1] from the denial of a Section 120.54(5)[2] petition to require the adoption of a notice rule consistent with Sec. 120.57(1)(b)2.[3] *1101 In a lengthy order, the commission denied the petition on the twin grounds that the notice requirements of Sec. 120.57(1)(b)2 are permissive, and not mandatory, and that the inclusion of the element stated in 2.d was impracticable, burdensome, and hence unwise. Since we do not agree with the former conclusion, we reverse.
It is well-settled that while the questions of the enactment and content of a particular administrative rule are ordinarily matters of agency discretion, Citizens of Florida v. Mayo, 357 So.2d 731 (Fla. 1978); Sec. 120.68(12), Fla. Stat. (1979), this principle gives way in the face of a legislative requirement to the contrary. Citizens of Florida v. Mayo, supra at 733-34; see also, e.g., Kuster Enterprises, Inc. v. State, Department of Transportation, 357 So.2d 794 (Fla. 1st DCA 1978) (amendment to existing rule mandatorily required because of absence of rational basis for omission). That is the case here. By employing the emphatically mandatory word "shall," Sec. 120.57(1)(b)2 simply and unequivocally requires that every pertinent notice contain the provisions the statute specifies. Department of Business Regulations, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671, 673 (Fla. 1982); S.R. v. State, 346 So.2d 1018 (Fla. 1977); Neal v. Bryant, 149 So.2d 529 (Fla. 1962); State ex rel. Gillespie v. County of Bay, 112 Fla. 687, 151 So. 10 (1933). The commission thus has no choice[4] but to *1102 amend its existing rule by inserting the omitted requirement of Sec. 120.57(1)(b)2.d. It is therefore directed to do so upon remand.

Case No. 81-1734
In Case No. 81-1734, Ramona Guerra, who had been employed as a housekeeper at the Naranja Lakes Motel, seeks reversal, on grounds of improper notice, of the commission's affirmance of the determination of the appeals referee that she was disqualified for benefits because she had been discharged for misconduct. Sec. 443.06(1), (9), Fla. Stat. (1977). Since the Form UAC 2 notice of the hearing, which has been described, did not contain the statement required by Sec. 120.57(1)(b)2.d, our holding that the provision is required itself establishes the correctness of her position on the merits. The commission contends, however, that Guerra was not substantially prejudiced by the defect and that, under the administrative harmless error statute, Sec. 120.68(8), Fla. Stat. (1979)[5] a new hearing should not therefore be ordered. We cannot accept this contention.
At the hearing below, the referee was essentially faced with a one-on-one conflict between the only two witnesses, Guerra and her supervisor, Gamble, concerning whether, as the claimant contended, she had been fired without warning and for no good reason, or, as Gamble testified, she had been loudly and abusively insubordinate and either had been discharged for that reason (as the referee ultimately found) or had voluntarily quit in a huff. It is true that by the very nature of the situation Guerra was able to prepare and present her version of what happened between the two of them, even without a detailed prior notice. If this were all, the appellees' point might thus well be accepted. See Baker v. Illinois Racing Board, 101 Ill. App.3d 580, 56 Ill.Dec. 554, 427 N.E.2d 959 (1981). But it was not. During his testimony, Gamble volunteered that Ms. Guerra had also been guilty of spending an inordinate amount of on-the-job time in personal conversation with a Mr. Contini, who happened to be Gamble's brother-in-law. Since Guerra had been given no notice that the Contini matter was to be asserted by her employer, as 2.d would have required, the testimony on this point necessarily came as a surprise to her. Although she denied the allegations herself, she therefore had not called any other witnesses, specifically Contini himself, to refute them. (The significance of this omission became apparent when, subsequent to the hearing[6] and after counsel had been retained, Ms. Guerra submitted Contini's affidavit denying Gamble's charges and stating that he would so testify before the referee.)
*1103 The determination of whether a particular procedural defect may be disregarded as merely harmless must be based in large measure on the nature and significance of the error and its relationship to the rights of the affected party. See Williams v. Florida Department of Commerce, Division of Employment Security, 374 So.2d 1158 (Fla. 3d DCA 1979); Spiegel v. Lavis Plumbing Services, 373 So.2d 72 (Fla. 3d DCA 1979) (referee's denial of claimant's unconditional constitutional right to compulsory process requires reversal without consideration of harmlessness even absent showing of relevance of unsubpoenaed witness). See generally, Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983). Sec. 120.57(1)(b)2 embodies a determination of what is necessary to assure fair notice to the affected party,[7] and we must take that decision into account in interpreting the concomitant provision of the same act that a case shall be remanded if the court
finds that ... the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. [emphasis supplied]
Sec. 120.68(8), Fla. Stat. (1979); 30 Fla.Jur. Statutes § 116 (1974). See 2 Am.Jur.2d Administrative Law § 360 (1962) ("Where a statute or rule provides the manner, form, and time of notice, the notice must conform with the prescribed provisions ..."). In this light, we conclude that these harmlessness prerequisites of 120.68(8) have not been satisfied. The legislature has itself in effect said that the failure to give prior notice of Gamble's testimony about Contini affected the "fairness" of the hearing. In addition, since a statutory notice would have referred to the Contini matter, it must be assumed that he would have been called and would have testified to the contrary of Gamble's testimony on the point. Since the referee's decision  although it was not based directly upon a resolution of the Contini controversy  was entirely founded on the conclusion that Gamble, and not Guerra was telling the truth about the circumstances of the discharge, it cannot be said that this credibility choice would not have been different if he had heard testimony by someone besides Guerra that disputed the sworn evidence of her adversary. Thus the "correctness of the action" under review  whether the referee's decision reflected what really happened  was also compromised by the "material error" in procedure we have identified. See Anderson v. Moberg Rodlund Sheet Metal Co., Minn., 316 N.W.2d 286 (1982). Hence, we hold that a new hearing of Guerra's claim for unemployment compensation benefits is required.
For the reasons stated, each order under review is
Reversed.
NOTES
[1] While we might otherwise have had some doubt about Alfonso's standing to raise the issue, he was specifically permitted to do so before the agency and there is therefore no question, as the appellees specifically agree, of his standing to challenge the adverse ruling on appeal. City of Key West v. Askew, 324 So.2d 655 (Fla. 1st DCA 1975).
[2] person regulated by an agency or having a substantial interest in an agency rule may petition an agency to adopt, amend, or repeal a rule or to provide the minimum public information required by s. 120.53. The petition shall specify the proposed rule and action requested. Not later than 30 calendar days after the date of filing a petition, the agency shall initiate rulemaking proceedings under this act, otherwise comply with the requested action, or deny the petition with a written statement of its reasons for the denial.
[3] This was the second action brought by Alfonso to secure the identical relief. His earlier proceeding had been filed pursuant to Sec. 120.56, Fla. Stat. (1979), which provides for an administrative determination that a rule "is an invalid exercise of delegated legislative authority." The petition was denied by the hearing officer on the ground, as the commission held below in the instant litigation, that Sec. 120.57(1)(b)2 was not mandatory. In the appeal from that order, the department's brief argued, inter alia, that the order should be affirmed because the Sec. 120.56 petition was an inappropriate remedy. (Its accompanying suggestion that Sec. 120.54(5) was the correct device was at once accepted by the filing of the present petition under that very subsection). The first district then affirmed the denial of the Sec. 120.56 petition without opinion. Alfonso v. State, Department of Labor and Employment Security, 402 So.2d 615 (Fla. 1st DCA 1981) (per curiam). In the light of this history of the case, we completely reject the position now taken by the department that the hearing officer's decision in the earlier case collaterally estops Alfonso from litigating the substantive question in the present, concededly correct, procedural context. See State, Department of Health and Rehabilitative Services v. Professional Firefighters of Florida, Inc., 366 So.2d 1276 (Fla. 1st DCA 1979); see also, 2 Am.Jur.2d Administrative Law § 499 (1962) ("Where an administrative determination has been reviewed by the courts, the res judicata effect, if any, attaches to the court's judgment rather than to the administrative decision."); Stovall v. Price Waterhouse Co., 652 F.2d 537, 540 (5th Cir.1981) (collateral estoppel applicable only if determination of issue in prior litigation was a critical and necessary part of previous judgment); Berek v. Metropolitan Dade County, 396 So.2d 756, 759, n. 3 (Fla. 3d DCA 1981) (per curiam affirmance of no precedential significance). Indeed, and ironically enough, by contending with apparent success in the first district that Alfonso could not succeed under Sec. 120.56, but only via the Sec. 120.54(5) proceeding it thereby induced, the appellees are the ones estopped from now contrarily asserting that the prior decision was not based on that ground. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979).
[4] While the commission's order suggests, with some plausibility, that the statutory notice requirement of subsection 2.d. is onerous and inefficient as applied to unemployment compensation hearings, neither the agency nor this court is empowered to challenge the wisdom of, much less to ignore a legislative policy decision such as this on any non-constitutional ground. See e.g., Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982). In any case, we must point out that all the provisions of Sec. 120.57(1)(b)2 serve the very salutary purpose  as, if not more, important in this as in any other administrative proceeding  of giving usually uncounseled citizens the fair notice of what is facing them to which they are entitled in all their dealings with government. As was said concerning this issue in the Reporter's Comments on Proposed Administrative Procedure Act for the State of Florida, March 9, 1974:

The present [pre-1974] act falls far short of providing due process minima in connection with the actions of state agencies. Practices have been developed by several agencies which provide even less fairness than the act would seem to require. The notions of basic fairness which should surround all governmental activity, such as the opportunity for adequate and full notice of agency activities, the right to present viewpoints and challenge the view of others, the right to develop a record which is capable of court review, the right to locate precedent and have it applied, and the right to know the factual bases and policy reasons for agency action, are neither uniformly nor universally applied in Florida. The proposed act attempts to rid existing law of the anachronisms which allow those conditions to exist. [footnote omitted]
[5] Peoples Bank of Indian River County v. State, Department of Banking and Finance, 395 So.2d 521 (Fla. 1981).
[6] We are unimpressed with the appellees' contention that Ms. Guerra, who then had no lawyer and could hardly have been aware of the deficiency in the commission's procedure which we have only now established, waived the defective notice contention by failing either to raise it explicitly at the hearing or to claim that she was unfairly surprised by Gamble's testimony about Contini. Compare, e.g., Scott v. Florida Department of Commerce, Division of Employment Security, 353 So.2d 1192 (Fla. 3d DCA 1977). In fact, the department's own rule, which was understandably not followed below, provides the only means by which such a waiver may be effected. It states:

(4) Waiver. If the appeals referee fails to provide notice in the manner set forth in this section, or if the notice provided is defective in any other way, and all improperly noticed parties nevertheless appear at the hearing, the referee shall inquire whether such parties are willing to waive their rights set forth in subsections (1), (2) and (3). If the appeals referee obtains informed and intelligent consent from all parties who were not properly noticed, he may proceed with the hearing. If any party refuses to consent to waiver, the referee shall continue the hearing and provide notice of the rescheduled hearing to all parties. [e.s.]
Florida Administrative Code, Rule 38E-5.15(4).
[7] See note 4, supra.