PER CURIAM.
This is an appeal' from the denial by the Department of Health and Rehabilitative Services of a petition to initiate rule-making pursuant to Section 120.54(5), Florida Statutes (1981). Three separate proposed rules were in issue. As to the first, which concerned requirements for the collection of data regarding medicaid patients from regulated nursing homes, we find no legislative or other requirement that the terms of the proposal be adopted. Compare, Guerra v. State Department of Labor & Employment Security, 427 So.2d 1098 (Fla. 3d DCA 1983). The department’s failure to do so was therefore a matter solely within its discretion, with the exercise of which we may not interfere. Citizens of Florida v. Mayo, 357 So.2d 731 (Fla.1978).
Since, moreover, the petitioners could not for that reason have compelled the enactment of their proposal in any case, it follows that if there were in fact a procedural error by the agency in considering the “data” question—an issue we do not decide—it could not have been “material” to the ultimate result and thus could not require reversal or remand. Sec. 120.68(8), Florida Statutes (1981).
The petitioners also sought the issuance of rules, both regulating the percentage of medicaid patients required to be accepted by nursing homes which have chosen to participate in the program, and mandatorily requiring all Florida nursing homes to agree to that participation. We find no legislative authority for the enactment of any such regulation by the HRS. See Secs. 400.23(2); 400.071(6), Florida Statutes (1981); 42 U.S.C. §§ 1396, 1396a. As the agency determined below, it thus lacked the power to adopt these proposed rules even if it wished to do so. See Department of Health and Rehabilitative Services v. Florida Psychiatric Society, Inc., 382 So.2d 1280 (Fla. 1st DCA 1980); State of Florida Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980).
Affirmed.