JOANOS, Judge.
This is an appeal from an order of the Florida Unemployment Appeals Commission (UAC) affirming an appeals referee’s decision to deny appellant Ronald N. Hal-pin’s claim for unemployment compensation benefits. Appellant challenges the order on two grounds: first, he contends there is a lack of competent substantial evidence to support the decision; and second, he contends the appeals referee’s failure to grant his motion to compel discovery constituted an abuse of discretion. We reverse in part.
The employer, World Hospitality Ltd., Inc., provides catering services to offshore oil rigs. From April 16, 1985, through December 10, 1985, appellant was employed by the catering company, first as a baker and then as steward. Employees of World Hospitality are paid on a weekly basis, and it is company policy to mail an employee’s check either to the employee’s home address or to his bank, at the employee's option. Appellant, a resident of Pensacola, chose the latter method.
Appellant terminated his employment on December 10, 1985, providing as reasons therefor that his paychecks were always late, that the company wrongfully deducted $150.60 hurricane evacuation expense from his earnings, and the company refused to pay overtime due him. On January 10, 1986, appellant filed a claim for unemployment compensation benefits. The claims examiner denied benefits, determining that appellant left his employment without good cause attributable to his employer. § 443.101(l)(a), Fla.Stat. (1985).
Appellant appealed the claims examiner’s decision. After a hearing, an appeals referee affirmed the denial of benefits. Appellant sought UAC review of the decision of the appeals referee. Upon review, the UAC found the tape recording of the hearing was defective, vacated the decision of the appeals referee, and remanded for a hearing de novo.
Before the second hearing, appellant advised the appeals referee that his counsel would be unable to represent him during the proceeding. Appellant also advised that the employer had refused his request to produce documents, and filed a motion requesting the appeals referee to subpoena documents and witnesses. The appeals referee issued subpoenas to the Pensacola witnesses designated in appellant’s request, but the referee concluded she did not have authority to subpoena out-of-state witnesses or documents of the appellee located out-of-state. Although appellant bent every effort to obtain the needed records, the employer adamantly refused to make them available.
Rehearing on the claim was held on September 24, 1986, with the employer testifying by telephone hook-up from Spring, Texas. Mr. Mangum, the employer’s representative, made frequent references to the company records which had not been made available to appellant. Appellant’s objection to this use of the records appears in the hearing transcript and is referenced in the appeals referee’s decision. The appeals referee again affirmed the denial of benefits. In an order entered November 26, 1986, the UAC affirmed the decision.
It is well settled that the burden is upon one seeking unemployment compensation benefits to prove that he did not leave his job voluntarily without good cause attributable to his employer. § 433.101(l)(a), Fla. Stat. (1985); Marcelo v. Department of Labor and Employment Security, 453 So. 2d 927 (Fla. 2d DCA 1984). In order to meet this burden, appellant herein attempted to establish that the employer metered pay envelopes and then delayed placing them in the mail until a later date.
Section 120.68(8), Florida Statutes (1985), provides in relevant part that:
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
Whether a particular procedural defect may be termed harmless depends “in large measure on the nature and significance of the error and its relationship to the rights *1029 of the affected party.” Guerra v. State, Department of Labor & Employment Security, 427 So.2d 1098, 1103 (Fla. 3d DCA 1983). In Guerra, the claimant had not been provided the section 120.57(l)(b)2.d “statement of the matters asserted by the agency and by all parties of record at the time notice is given,” and thus was unprepared to counter a second assertion of misconduct raised for the first time at the hearing. The court held that in the circumstances, the harmlessness prerequisites of section 120.68(8) had not been satisfied, and reversed for a new hearing on the claim for unemployment compensation benefits. Similarly, in Williams v. Florida Department of Commerce, Division of Employment Security, 374 So.2d 1158 (Fla. 3d DCA 1979), the court held the referee’s denial of claimant’s constitutional right to compulsory process required reversal, even without a showing of the relevance of an unsubpoenaed witness. Accord O’Blenis v. Florida Department of Labor and Employment Security, 388 So.2d 1099 (Fla. 4th DCA 1980); Spiegel v. Lavis Plumbing Services, 373 So.2d 72 (Fla. 3d DCA 1979).
Although we recognize the reluctance of the appeals referee to issue an order she perceived to be unenforceable, it was error to permit the employer’s representative to testify concerning information in records that the employer refused to make available to appellant. Appellant proceeded without benefit of counsel throughout preparation for the de novo hearing and the hearing itself. We find that the fairness of the proceeding was compromised by the procedural error. Appellant should have been granted an opportunity to examine the employer’s records. Barring that opportunity, the appeals referee had the duty to exclude evidence that had not been produced.
Having concluded that admission of this evidence constituted a material procedural error which compromised the fairness of the proceedings, we find it unnecessary to address the first issue raised. Accordingly, the order denying unemployment compensation benefits is reversed and the cause is remanded for proceedings consistent with this opinion.
SMITH, C.J., and WENTWORTH, J., concur.