GRIFFIN, Chief Judge.
' Edward H. Lobb [“Lobb”] appeals the decision of the Unemployment Appeals Commission, affirming the determination that he was not entitled to unemployment compensation.
Lobb worked as a shipboard engineer for Crowley American Transport [“Crowley”] from February 22,1989 until March 25,1997. He was a qualified member of the engineering department [“QMED”] and a member of the Seafarer’s International Union [“the Union”]. Lobb was notified in February 1996 that the Union ■ had agreed to a position requirement change which would require him to attend a three-month training course to maintain his status as a QMED I. The training had to be completed by March 1, 1997. Without it, Lobb would be re-classified to a QMED IV and would suffer a thirty percent reduction in pay.
*322 Lobb claims that he was unable to complete the training by March 1, 1997 because the classes were either unavailable or filled. He further claims that he was ineligible to attend classes in 1996 because he suffered an on-the-job injury which prevented him from working from June 10,1995 through September 25, 1995. He maintains that this injury prevented him from accumulating the sailing time needed to be allowed to attend the school in 1996.[1]
Lobb resigned his employment in March 1997, rather than suffer a demotion to QMED IV. He filed a claim for unemployment compensation on April 2, 1997, stating he had been terminated by Crowley because of a change in his job requirements. He was awarded unemployment compensation by the division on the basis that he had been discharged by Crowley due to an inability to perform his duties after the change in position requirements.
Crowley appealed the award to the appeals referee. At the hearing before the referee, Lobb testified that he had resigned his employment because the new position requirements stated that he had to be “rated” by the Coast Guard just to maintain his employment. He testified that he would have been required to attend school for three months just to get a rating from the Coast Guard and that, due to limitations on the number of classes he could take per year, he would have been required to take an additional three years of schooling to work his way back up to a QMED I rating. The referee reversed the determination that Lobb was entitled to unemployment compensation. He found that Lobb had voluntarily left his employment without good cause, by-resigning after he had failed to meet job requirements specifically agreed to by his Union.
Lobb appealed to the Unemployment Appeals Commission [“the Commission”]. On appeal, he apparently attempted to offer additional evidence under Florida Administrative Code Rule 38E-3.005(1), which permits a proffer of “newly-discovered evidence” which “could not have been discovered in time for presentation at the hearing before the appeals referee.” The rule requires for the proffer.to be made as follows:
(2) The request shall be in writing and shall include a clear and concise description of the evidence. The requesting party shall demonstrate that the evidence is material to the outcome of the case and that it could not have been discovered prior to the hearing by an exercise of due diligence.
Fla. Admin. Code Rule 38E-3.005(2). Lobb also asked for an additional hearing.
The Commission refused Lobb’s request to consider the proffered evidence, along with his request for an additional hearing. The Commission stated:
On appeal, the claimant proffers additional evidence. The proffer does not comply with the requirements of Florida Administrative Code Rule 38E-3.005 and, accordingly, is rejected. The claimant also requests an additional hearing in order to present evidence which was not presented at the hearing before the appeals referee. Upon consideration, the request is denied.
The Commission also affirmed the decision made by the appeals referee, stating simply that “the decision of the appeals referee is in accord with the essential requirements of the law and is, therefore, affirmed.”
On appeal, Lobb does not attack the Commission’s affirmance of the decision of the appeals referee based on the record which was actually before the Commission. He also implicitly concedes that he violated the requirements of rule 38E-3.005. His sole contention on appeal is that the Commission acted unfairly by requiring him to comply with the rule. He urges that policy considerations mandate that pro se litigants be treated with leniency and urges us to write an opinion articulating this view.[2]
We decline this invitation made by Lobb because he has failed to submit a record *323 sufficient to demonstrate any error or inequity and has failed to articulate any basis to conclude that relief might be warranted.[3] Lobb has demonstrated no basis for reversal.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.

. Lobb asserts that he was required to sail 120 days a year in order to attend the school. It is unclear why his 1995 injury prevented him from accumulating the requisite number of hours to attend the school in 1996.

. Florida courts have previously rejected policy arguments similar to the arguments made by Lobb on appeal. See, e.g., Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992).

. The record contains no indication of the nature of the additional evidence which Lobb wished to present to the Commission, since Lobb’s letter to the Commission has not been included as part of the record on appeal. Lobb referred to the document as an attachment to his brief, but there are no attachmerits. ' This problem was pointed out in the answer brief, bút no action has been taken by Lobb. Nor has Lobb described in his brief the nature of additional evidence he sought to present to the Commission.