817 So.2d 1100 (2002)
Sebrina K. IBARRA, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Blue Cross & Blue Shield of Florida, Inc., Appellees.
No. 01-2965.
District Court of Appeal of Florida, Second District.
June 14, 2002.
*1101 Sebrina K. Ibarra, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Blue Cross & Blue Shield of Florida, Inc.
CASANUEVA, Judge.
Sebrina K. Ibarra appeals the Unemployment Appeals Commission's affirmance of the appeals referee's determination that she was ineligible for unemployment benefits. She contends that she was denied the ability to call witnesses at the appeal hearing. Because the record reflects that Ms. Ibarra's right to the compulsory attendance of witnesses was improperly curtailed, we reverse.
Following her discharge from Blue Cross & Blue Shield of Florida, Inc. on October 13, 2000, Ms. Ibarra applied with the Department of Labor and Employment Security for services. The Department, on December 15, 2000, issued its decision that Ms. Ibarra was entitled to unemployment compensation benefits. Blue Cross appealed that determination and the matter was scheduled before an appeals referee.
Prior to the hearing Ms. Ibarra submitted a list of thirteen individuals to be subpoenaed on her behalf. Only two subpoenas were in fact issued, and it appears that service was not obtained prior to the commencement of the appeal hearing. During the hearing the referee observed this omission and, speculating on the reason for the failure, observed that "we only schedule 45 minutes to an hour per hearing, because we don't know how long these hearings will go, so only two subpoenas were issued. These were issued on January 25, so I'm pretty sure that the parties didn't probably even receive them yet."
Later, after Blue Cross had completed its presentation of evidence, the referee discussed with Ms. Ibarra the witnesses she would like to have subpoenaed to testify at the next session of the hearing. Of the thirteen witnesses suggested by Ms. Ibarra, six were to be subpoenaed. After seeking a proffer from Ms. Ibarra regarding the anticipated testimony the remaining seven witnesses might provide, the referee determined that the testimony would be irrelevant and declined to issue the subpoenas. Following an adverse final order on benefits by the referee, this appeal ensued.
An employee in an unemployment compensation matter has a basic right to the compulsory attendance of witnesses. See Fla. Admin.Code R. 38E-5.019; Williams v. Fla. Dep't of Commerce, Div. of Employment Sec., 374 So.2d 1158 (Fla. 3d DCA 1979). The denial of a request to issue subpoenas for witnesses *1102 can be a denial of this right. O'Blenis v. Fla. Dep't of Labor & Employment Sec., 388 So.2d 1099 (Fla. 4th DCA 1980). In O'Blenis the referee, finding that the testimony would probably not be helpful, declined to subpoena the only two witnesses the employee desired to call. The court concluded that the referee denied the employee the "basic due process right of compulsory process" by conditioning this right upon the employee's demonstration of good cause. Id. at 1100.
Here, we confront the issue of whether the right to the compulsory attendance of witnesses can be conditioned on a prehearing determination that the testimony is likely to be relevant. We see no significant difference between the requirement to show good cause and the compulsion to demonstrate relevance; in this context, the infringements upon the claimant's basic rights are equivalent. See Spiegel v. Lavis Plumbing Servs., Inc., 373 So.2d 72, 73 (Fla. 3d DCA 1979) ("The Appeals Referee could not properly condition appellant's exercise of this right [to subpoena witnesses to testify on his behalf] by requiring him to show `good cause' for the issuance of any requested subpoenas.").
Accordingly, we reverse for further proceedings at which the seven witnesses may be subpoenaed.[1] In reversing, we import no wrongful motive to the referee who is required to manage, as do our trial judges, a busy docket and who no doubt recognized an opportunity to avoid inconveniencing a large number of individuals. By his action, however, the referee usurped the role of a party, which is to object to the relevancy of testimony.
Reversed and remanded with instructions.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] We emphasize, however, that our decision should not be interpreted as granting a litigant an unlimited right to have subpoenas issued for a gargantuan number of witnesses, many of whom may have absolutely no knowledge about the facts of the particular case. We do not address the power of the administrative judge to address this concern pretrial.