PER CURIAM.
AFFIRMED. See Lobb v. Unemployment Appeals Comm’n, 715 So.2d 321, 322-23 (Fla. 5th DCA 1998) (affirming UAC’s decision denying benefits and refusing claimant’s request to consider additional evidence and have an additional hearing: “On appeal, Lobb does not attack the Commission’s affirmance of the decision of the appeals referee based on the record which was actually before the Commission. He also implicitly concedes that he violated the requirements of rule 38E-3.005 [concerning ‘newly-discovered evidence’]. His sole contention on appeal is that the Commission acted unfairly by requiring him to comply with the rule. He urges that policy considerations mandate that pro se litigants be treated with leniency and urges us to write an opinion articulating this view. We decline this invitation made by Lobb because he has failed to submit a record sufficient to demonstrate any error or inequity and has failed to articulate any basis to conclude that relief might be war *164 ranted.” (footnote omitted)); Noriega, Chopp & Schatz, P.A. v. Pena, 417 So.2d 312, 313 (Fla. 3d DCA 1982) (“We hold that there was no abuse of discretion shown in the Commission’s denial of the employer’s motion for rehearing for the purpose of introducing additional evidence. It appears from the record that the employer neither requested nor suggested that a continuance of the hearing be granted for the purpose of presenting additional evidence. The request for a rehearing was made after the Appeals Referee had issued a decision granting benefits to the employee. Accordingly, the Commission did not abuse its discretion in denying the employer’s request to be allowed to introduce additional evidence under the facts and circumstances as appear from the record.”).
KAHN, C.J., PADOVANO and THOMAS, JJ., concur.