John E. JASKOWIAK, Relator,

v.

CM CONSTRUCTION COMPANY, INC., Respondent,

**Department of Employment and Economic Development, Respondent.**

No. A05–2248.

Court of Appeals of Minnesota.

July 18, 2006.

John E. Jaskowiak, Backus, MN, pro se relator.

CM Construction Company, Inc., Burnsville, MN, for respondent.

Linda A. Holmes, Department of Employment and Economic Development, St. Paul, MN, for respondent Department.

Considered and decided by LANSING, Presiding Judge; RANDALL, Judge; and WILLIS, Judge.

## OPINION

WILLIS, Judge.

Relator brings this certiorari appeal from the determination of an unemployment-law judge (ULJ) that relator did not show good cause for not participating in the evidentiary hearing and that he is disqualified from receiving unemployment benefits. Because the record shows that relator did not receive the notice required by statute regarding a failure to participate in the initial evidentiary hearing and the showing necessary to obtain an additional evidentiary hearing, we reverse and remand.

## FACTS

Pro se relator John Jaskowiak worked for respondent CM Construction as a construction laborer before he quit his employment and applied for unemployment benefits. The department initially determined that Jaskowiak was qualified to receive benefits because the employment was unsuitable, as that term is used in

unemployment law. The employer appealed, and the matter was heard by a ULJ.

When Jaskowiak did not answer the telephone for the evidentiary hearing with the ULJ, the hearing proceeded without him. The ULJ determined that the work was suitable and that Jaskowiak's quit disqualified him from receiving benefits.

The ULJ's written decision was mailed to the parties. At the foot of that decision is a paragraph captioned "REQUEST FOR RECONSIDERATION." The paragraph describes the parties' rights to request reconsideration by appealing the ULJ's decision (online, by fax, or by mail within 30 calendar days). The paragraph also informs the parties that under Minn. Stat. § 268.105, subd. 2, the decision will be final if no request for reconsideration is filed.

Jaskowiak timely requested reconsideration of the ULJ's decision. It appears that he filed the request online, providing basic personal information and the following "explanation":

> I missed the first hearing by an honest mistake, the reason I quit cm was because my house had burned down last march and I did not have insurance and the only way I could afford to rebuild is if I did all the labor myself which I would not have been able to do this summer, working all the way down in the cities, other wise I would have gladly continued to work for cm construction. I have much to add to this but it says keep it brief thank you john jaskowiak.

The ULJ affirmed his decision, determining that Jaskowiak had not shown good cause to not participate in the hearing and that an additional evidentiary hearing, therefore, was not required.

## ISSUE

Did the department's notice regarding requests for reconsideration inform Jaskowiak of the requirement, under Minn. Stat. § 268.105, subd. 2(d) (Supp.2005), of an additional evidentiary hearing if Jaskowiak could show good cause for failing to participate in the initial evidentiary hearing?

## ANALYSIS

■■■ In our review of the ULJ's decision, we determine whether Jaskowiak's substantial rights were prejudiced because the findings, inferences, conclusion, or decision are affected by error of law or unsupported by substantial evidence. *See* Minn.Stat. § 268.105, subd. 7(d) (Supp. 2005) (listing the bases on which this court may reverse or modify an ULJ's decision). We conclude that Jaskowiak's substantial rights were prejudiced because he was not informed, as required by statute, that, because he failed to participate in the evidentiary hearing, an additional evidentiary hearing must be held if Jaskowiak could show good cause for his failure to participate.[1]

The former unemployment-benefits law provided parties with the right to appeal the ULJ's decision to a senior unemployment-review judge. Minn.Stat. § 268.105, subd. 2 (2004). The law now provides that parties may request reconsideration only by the ULJ of his or her own decision. Minn.Stat. § 268.105, subd. 2 (Supp.2005). A subsection of the new provision regarding requests for reconsideration specifical-

---

1. The parties did not raise this issue. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (providing that an issue not raised in parties' briefs is deemed waived). But under Minn. R. Civ.App. P. 103.04, we have discretion to address any issue as the interests of justice may require, and we exercise that discretion here to address the issue of the adequacy of the notice.

ly addresses the failure to participate in the evidentiary hearing before the ULJ. It states that an additional evidentiary hearing is required when a party did not participate in the hearing but "had good cause for failing to do so." *Id.*, subd. 2(d). The subsection also provides: "In the notice of the request for reconsideration, the party who failed to participate shall be informed of the requirement, and provided the opportunity, to show good cause for failing to participate." *Id.* And the subsection defines "good cause." *Id.*

 When a statute provides "the manner, form, and time of notice, the notice must conform to the prescribed provisions." *Anderson v. Moberg Rodlund Sheet Metal Co.*, 316 N.W.2d 286, 288 (Minn.1982) (quotation omitted). Whether the notice here conforms to the provisions of section 268.105 is a question of statutory construction, which this court reviews de novo. *See Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn.2003) (evaluating whether notice requirement in federal regulation was met).

Section 268.105 places the burden on the department, in its "notice of the request for reconsideration," to "inform" parties of the requirement of an additional evidentiary hearing if a party shows good cause for failing to participate in the evidentiary hearing. The department must also provide an opportunity for a party to show such good cause.

Here, the paragraph in the ULJ's decision captioned "REQUEST FOR RECONSIDERATION" does not mention the failure to participate in the evidentiary hearing, the necessity of an additional evidentiary hearing if good cause is shown for failure to participate, or the definition of "good cause." It contains a citation to the statutory provision regarding requests for reconsideration, but such a general citation, alone, does not "inform" the parties of the subsection's specific requirements. Because the notice did not inform Jaskowiak of the requirement of an additional evidentiary hearing if he could show good cause for failing to participate in the evidentiary hearing, it did not satisfy the statute.

## DECISION

Because the record shows that Jaskowiak's substantial rights were prejudiced by inadequate notice of his rights after he failed to participate in the evidentiary hearing, we reverse the decision of the ULJ and remand for the department to provide Jaskowiak with the notice required by Minn.Stat. § 268.105, subd. 2(d) (Supp. 2005), and the opportunity to show good cause for his failure to participate.

**Reversed and remanded.**