MONACO, C.J.
 

 The appellant, Cheryl Pascarelli, appeals the affirmance by the Unemployment Appeals Commission of the decision of the Appeals Referee denying Ms. Pascarelli the right to receive unemployment compensation benefits based on the determination that she was discharged for misconduct. While we agree that a prima facie case of misconduct is made by the record evidence thus far received, we reverse for further proceedings because Ms. Pascarelli was denied the right to call her own witnesses.
 

 
 *54
 
 The facts associated with the determination that Ms. Pascarelli was discharged for misconduct are not important to an understanding of our disposition of this case. What is important is that at the beginning of the telephonic hearing before the Appeals Referee, Ms. Pascarelli identified four persons who she wished to call as witnesses, and gave the presiding officer their telephone numbers.
 
 [1]
 
 After the employer presented its witnesses the Appeals Referee inquired about the substance of the proposed testimony of each of the witnesses that Ms. Pascarelli wished to call. After doing so, he announced:
 

 All right. For now, we are going to move on to closing. I will go over the documentation and testimony that we’ve already taken at this hearing and see if a decision can be reached. Otherwise, if additional testimony is needed, we may take it at a later date. But we are going to move to closing now.
 

 The Appeals Referee then heard the closing remarks of each side and adjourned. Sometime thereafter the Appeals Referee rendered a decision adverse to Ms. Pascarelli without affording her the opportunity to present the testimony of her witnesses. Ms. Pascarelli appealed the decision to the Unemployment Appeals Commission and requested another hearing to present her evidence. Her position was rejected. We believe Ms. Pascarelli’s due process rights were abridged by that ruling.
 

 Our sister court in the second district has noted in a very similar case that an employee in an unemployment compensation hearing “has a basic right to the compulsory attendance of witnesses.”
 
 Ibarra v. Unemployment Appeals Comm’n,
 
 817 So.2d 1100, 1101 (Fla. 2d DCA 2002). Merely because the Appeals Referee believes that the testimony sought to be presented might not be helpful, does not give that official the authority simply to decline to allow the employee to call the witnesses.
 
 O’Blenis v. Fla. Dep’t of Labor & Employment Sec.,
 
 888 So.2d 1099 (Fla. 4th DCA 1980);
 
 see also Spiegel v. Lavis Plumbing Servs.,
 
 373 So.2d 72, 73 (Fla. 3d DCA 1979). In the present case that is exactly what occurred. A determination of the relevance of the testimony ought to wait at least until the testimony is offered. The appellant’s basic and organic constitutional right to due process was in our view infringed as a result of the failure to allow her to present her case.
 
 See Spiegel.
 

 Accordingly, we reverse for further proceedings at which the appellant’s witnesses may be heard.
 

 REVERSED and REMANDED with instructions.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . All witnesses to the proceeding, including Ms. Pascarelli and the representative of the employer, appeared by telephone.